MADISON REAL PROPERTY & SECURITY CO. v. HUTTON et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

PLEADING (§ 367*)—MOTIONS TO MAKE MORE DEFINITE AND CERTAIN.

    Where, from many of the allegations of the complaint, the cause of action might either have been for conversion or for the recovery of a deposit of money induced by fraudulent representations, and allegations on one theory were irrelevant on the other, defendant's motion to strike out such irrelevant allegations, or to compel plaintiff to separately state and number the causes of action, must be granted, to the extent of requiring the complaint to be made more definite and certain, and requiring plaintiff, if desiring to plead alternative causes of action, to separately state and number them.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, New York County.

Action by the Madison Real Property & Security Company, a domestic corporation, against Edward F. Hutton and others. From an order denying a motion to strike out certain paragraphs of the complaint, or compel plaintiff to separately state and number the causes of action, defendants appeal. Order reversed, with directions to grant motion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Millard F. Tompkins, of New York City, for appellants.
E. M. Bullows, of New York City, for respondent.

---

SCOTT, J. It is not easy to determine from reading the complaint just what cause of action the pleader intended to state. Many of the allegations seem to indicate an intention to state a cause of action for damages for conversion, and, indeed, that word is freely used as characterizing the defendants' acts. If this is the cause of action intended to be pleaded and relied upon, the allegations sought to be stricken out are clearly irrelevant. On the other hand, many of the allegations of the complaint seem to point to an intention to sue for the recovery of money deposited with defendants; such deposit having been induced by fraudulent representation.

In so far as the allegations sought to be stricken out refer to an existing fact, and not a mere promise or representation as to what would or might be expected to occur in the future, they may not be irrelevant to the cause of action we are now considering. The defendants are certainly entitled to know what they must meet, and the motion should therefore have been granted, to the extent of requiring the complaint to be made more definite and certain, and requiring plaintiff, if she seeks to plead alternative causes of action, to separately state and number them.

The order must therefore be reversed, with $10 costs and disbursements, and the motion granted, to the extent indicated, with $10 costs. All concur.

---

### In re SWARTZ'S WILL.

#### (Surrogate's Court, New York County. February 6, 1913.)

1. **WILLS (§ 300\*)—PROBATE—INSTRUMENTS ENTITLED TO PROBATE.**

   The factum of a will being established by proof under oath of execution, the will is prima facie entitled to probate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 697; Dec. Dig. § 300.\*]

2. **WILLS (§ 215\*)—PROBATE—CONSTRUCTION OF WILL.**

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.\*]

3. **WILLS (§ 253\*)—SURROGATE'S COURT—JURISDICTION.**

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 589; Dec. Dig. § 253.\*]

4. **WILLS (§ 216\*)—PROBATE—PARTIAL PROBATE.**

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 524; Dec. Dig. § 216.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

139 N.Y.S.—70