(163 App. Div. 407)

MICHIE v. SLAYBACK et al. (No. 6067.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

PLEADING (§§ 367, 368*)—COMPLAINT—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

A complaint, which alleges the payment to defendant of a sum of money, to hold to the credit of plaintiff and to be returned on demand, and that plaintiff, prior to the commencement of the action, demanded the return of the money, but defendant refused to do so, and that defendant wrongfully and without the knowledge or authority of plaintiff used the money in the purchase and sale of securities on a stock exchange on margin, and lost the money, and that defendant represented that he had close business relations with men prominent in financial circles, and by reason thereof could obtain inside information as to the movement of prices of securities on the exchange, and could make profits for plaintiff, and that such representations were false, and made to induce plaintiff to deposit the money, and that she relied thereon, contains allegations appropriate for an action for money had and received, for conversion, and for fraud; and plaintiff, on motion of defendant, must make the complaint more definite and certain, and separately state and number the causes of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1198; Dec. Dig. §§ 367, 368.*]

Appeal from Special Term, New York County.

Action by Mabel G. Michie against Henry B. Slayback and another. From an order denying a motion to make the complaint more definite

and certain, and to separately state and number causes of action, defendants appeal.  Reversed, and motion granted.

The amended complaint, underscored as stated in the opinion, is as follows:

And now comes the plaintiff to this court by Swan & Moore, her attorneys, and for her amended complaint against the defendants in this action declares:

First.—Upon information and belief that at all the times hereinafter mentioned the defendants Henry B. Slayback and William A. Slayback were and now are copartners doing business as bankers and brokers within the borough of Manhattan, city of New York.

Second.—*Upon information and belief that heretofore and on or about*

*April 1, 1907, the defendants stated and represented to one E. Rickards Michie*

*that they were closely related both socially and in business with two certain*

*men, then and there named by the defendants, both of whom were, and are*

*well known to be, prominent in financial circles in New York City, and that*

*they received and could secure from said two persons advice concerning and*

*in respect to the investment of moneys in securities listed upon the New York*

*Stock Exchange and inside or confidential information concerning and in re-*

*spect to the movement of prices of said securities on said Exchange, and of*

*deals and transactions in said securities in which one or both of said two*

*persons were interested, by means of which they, the said defendants, had*

*been and would be enabled to make large profits from the investment of mon-*

*eys in said securities and from the purchase and sale thereof upon said Ex-*

*change in accordance with such advice or such inside or confidential infor-*

*mation, and that if he, the said E. Rickards Michie, would deposit with them,*

*the said defendants, the sum of ten thousand dollars ($10,000), the property of*

this plaintiff, that they would hold the same to the credit of this plain-

* * * * * * * * * * * * * * * * * * * * *

tiff to be by them returned to her upon demand, and that in the mean-

* * * * * * * * * * * * * * * * * * * * *

time they would use said moneys for investment in securities listed upon the

* * * * * * * * * * * * * * * * * * * * *

New York Stock Exchange, or in the purchase and sale of said securities upon

* * * * * * * * * * * * * * * * * * * * *

said Exchange, upon and in accordance with advice or inside or confidential

* * * * * * * * * * * * * * * * * * * * *

information received by the defendants from said two persons, or from one of

* * * * * * * * * * * * * * * * * * * * *

them, or in deals and transactions in said securities in which said persons

* * * * * * * * * * * * * * * * * * * * *

should inform the defendants that one or the other, or both, were interested,

* * * * * * * * * * * * * * * * * * * * *

and that they would thereby make for the plaintiff large profits upon said

* * * * * * * * * * * * * * * * * * * * *

moneys, to wit, that they would double the amount of said moneys in two

* * * * * * * * * * * * * * * * * * * * *

weeks, the which profits they, the defendants, would pay over to the plaintiff.

* * * * * * * * * * * * * * * * * * * * *

Third.—Upon information and belief that thereafter, and on or about April 2, 1907, the said E. Rickards Michie, induced by and in reliance upon the

* * * * * * * * * * *

aforesaid statements and representations of the defendants, and upon the

* * * * * * * * * * * * * * * * * *

agreement of said defendants then and there made by them, to receive and

hold said moneys upon deposit to the credit of this plaintiff, to be by them

returned to her on demand, and that in the meantime they would use said

* * * * * * * * * * * * * *

moneys for investment in securities listed upon the New York Stock Exchange,

* * * * * * * * * * * * * * * * * * * * *

or in the purchase and sale of said securities upon said Exchange, upon or

* * * * * * * * * * * * * * * * * * * * *

in accordance with advice or inside or confidential information received by

* * * * * * * * * * * * * * * * * * * * *

the defendants from said two persons, or from one of them, or in deals and

* * * * * * * * * * * * * * * * * * * * *

*transactions in said securities in which the said persons should inform the*

*defendants that one or the other, or both, were interested, and that they, the*

*defendants, would pay over to the plaintiff the net profits from such use of*

*said moneys, and that they, the defendants, would not otherwise use said*

*moneys,* paid over to the defendants *upon deposit to the credit of this plain-*

*tiff,* the sum of ten thousand dollars ($10,000), moneys the property of this plaintiff, and that thereupon the defendants so accepted said moneys and so received the same, to wit, *upon their said statements and representations and*

*upon and under their said agreement, and as moneys of the plaintiff upon*

*deposit to her credit.*

Fourth.—That thereupon the said E. Rickards Michie informed the plaintiff *of said statements and representations of the defendants, and of their*

*said proposal, and of the deposit of said moneys with the defendants, and of*

*the defendants' said agreement in respect thereto, and of their acceptance of*

*said moneys as aforesaid,* and that thereupon the plaintiff acquiesced in *said* transaction.

Fifth.—*Upon information and belief that said statements and representa-*

*tions of the defendants were false and untrue, and were known by the de-*

*fendants at the time that they made said statements and representations to*

*be false and untrue, and were made solely to induce and did induce the said*

*E. Rickards Michie and this plaintiff to deposit said moneys with said defend-*

*ants as aforesaid, and to obtain and did obtain said moneys for said de-*

*fendants.*

Sixth.—*Upon information and belief that subsequent to April 2, 1907, the*

defendants wrongfully, and contrary to their agreement as aforesaid, and

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
without the knowledge, consent, or authority of this plaintiff, without and not

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
upon advice or inside or confidential information in respect to investments in

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
securities listed upon the New York Stock Exchange, or in respect to the move-

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ment of prices of said securities upon said Exchange, from said two persons,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
or either of them, and without and not upon information from said persons,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
or either of them, that they or either of them were interested in such trans-

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
actions, and not in transactions in which either or both were interested, used

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
said moneys in the purchase and sale of securities upon the New York Stock
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Exchange upon margin, and lost said moneys and all thereof.
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Seventh.—That thereafter, and prior to the commencement of this action, the plaintiff duly demanded of the defendants the repayment to her of the sum of nine thousand seven hundred and fifty dollars ($9,750), said moneys the property of the plaintiff, less the sum of two hundred and fifty dollars ($250) theretofore, and on or about March 25, 1911, by the defendants repaid to the plaintiff from said moneys upon demand made by her, but that the

defendants refused and neglected to repay to the plaintiff said sum of nine

thousand seven hundred and fifty dollars ($9,750), or any part thereof, and

that no part thereof has been paid by the defendants to the plaintiff.

Wherefore plaintiff demands judgment against the defendants for the sum of nine thousand seven hundred and fifty dollars ($9,750), together with the costs and disbursements of this action.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arthur F. Gotthold, of New York City, for appellants.
Joseph R. Swan, of New York City, for respondent.

McLAUGHLIN, J. The defendants moved to compel plaintiff to make the complaint more definite and certain, and to separately state and number causes of action. The motion was denied, and defendants appeal.

It is difficult to tell from the complaint what cause or causes of action the pleader attempted to set forth. There are allegations appropriate to an action for money had and received, conversion, and fraud and deceit. If it be considered an action for money had and

received, then the words italicized with the asterisk underneath are irrelevant; if to recover for conversion, then the words italicized with the broken dash underneath are irrelevant; and if an action for fraud and deceit, then the words italicized with the solid dash underneath are irrelevant.

The complaint alleges, in substance, that one E. Rickards Michie paid to the defendants $10,000, money of the plaintiff, which they agreed to "hold * * * to the credit of this plaintiff, to be by them returned to her upon demand"; that plaintiff, prior to the commencement of the action, demanded the return of the money thus delivered, and defendants neglected and refused to return the same. Then follow allegations that "the defendants wrongfully, and contrary to their agreement, * * * and without the knowledge, consent, or authority of this plaintiff, * * * used said moneys in the purchase and sale of securities upon the New York Stock Exchange upon margin, and lost said moneys and all thereof."

It then alleges that the defendants stated and represented to E. Rickards Michie that they had close business and social relations with two men prominent in financial circles, and by reason thereof they could obtain inside information from them in respect to the movement of prices of securities on the Exchange, and defendants could make large profits for the plaintiff, and could double her money in two weeks; that such statements and representations of defendants were false and untrue, and were known by them, when made, to be false and untrue; that they were made for the purpose of inducing plaintiff to deposit the moneys referred to with the defendants; and she, acting through E. Rickards Michie, relied upon such statements, and, believing them to be true, paid the money to the defendants.

It would be grossly unfair to compel the defendants to go to trial with such a complaint. If the plaintiff intended to plead three separate causes of action, then she should so state and number them in her complaint. If only one cause of action is intended to be pleaded, then the allegations as to the others are clearly irrelevant, and should be stricken out. In any view, defendants are entitled to know just what they must meet at the trial. Madison Real Property & Security Co. v. Hutton et al., 155 App. Div. 891, 139 N. Y. Supp. 1104. The motion should therefore have been granted to the extent indicated, by requiring the complaint to be made more definite and certain, and directing plaintiff, if she seeks to plead alternative causes of action, to separately state and number them.

The order appealed from, therefore, is reversed, with $10 costs and disbursements and the motion granted to the extent indicated, with $10 costs, with leave to plaintiff to serve an amended complaint within 20 days on payment of the costs in the action, including those hereby awarded to be taxed. All concur.