CARL MILLER, Respondent, *v.* MAX SPITZER and Others, Appellants.

First Department, June 15, 1928.

*Maxwell C. Klatt* of counsel [*Lloyd Paul Stryker*, attorney], for the appellants.

*Alfred E. Herz*, for the respondent.

McAVOY, J. Plaintiff's second amended complaint contains three causes of action.

The first and second causes of action pleaded in the complaint do not arise out of the same transaction nor are they connected with the same subject of action within subdivision 9 of section 258 of the Civil Practice Act.

The motion, as addressed to the second cause of action, is to strike out for misjoinder. On such a motion the question of sufficiency is not involved. The only contention under which this cause of action could be properly joined with the first cause of action is, that it comes under subdivision 9 of section 258 of the Civil Practice Act, which provides that "Upon claims arising out of the same transaction, or transactions connected with the same subject of action, whether or not included within one or more of the other subdivisions of this section."

Here the first cause of action is against two defendants for alleged breach of contract, whereas the second cause of action is one against two entirely different defendants on an entirely different cause of action, viz., fraud and deceit; there certainly can be no common question of fact, and a common question of law would not in any probability be involved.

Each cause is complete, independent and exclusive of the other. The one instance of liability is exclusive of the other. They cannot be joined as their bases are not the same transactions or connected therewith.

The third cause of action for alleged conspiracy fails to state facts sufficient to constitute a cause of action, because a conspiracy to commit an actionable wrong is not in itself a cause of action. The wrongful act committed by conspirators, resulting in injury, alone gives rise to a cause of action, and where several separate and distinct torts are perpetrated by the conspirators, each tortious act resulting in damages creates an independent, separate cause of action against one or more of the conspirators; and since the gravamen of the action is not the conspiracy but the injurious, wrongful acts committed by those who are charged with the conspiracy, these acts must be set out or there is no cause.

The plaintiff's third cause of action contains no statement of any act or acts committed by any of the defendants. The only allegations in this cause of action attempting to set up a cause of action are those setting forth what the defendants conspired to do, and of damage claimed to have been suffered. This is not sufficient. It is the tortious acts resulting in damages which give rise to the cause of action.

This cause should have been dismissed with leave to plead over by alleging the separate torts of the conspirators.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the defendants' motion to dismiss the third cause of action on the ground that it failed to state facts sufficient to constitute a cause of action, and to strike out the second cause of action on the ground of misjoinder of causes of action, and to strike the names of the defendants Fried and Frieder from the summons, should be granted, with ten dollars costs, with leave to plead over as to the third cause of action.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint as to the third cause of action within twenty days from service of order upon payment of said costs.