THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WYDRO, Relator, *v.* WILLIAM HUNT, as Warden of Attica State Prison, Defendant.

Supreme Court, Erie County, August 11, 1938.

*Benjamin J. Farber*, for the relator.

*John J. Bennett, Jr., Attorney-General* [*James A. Noonan* of counsel], for the defendant.

HINKLEY, J. This is a return of a writ of habeas corpus to produce before this court the body of the above-named relator who is now confined in the State prison at Attica, N. Y.

The facts are undisputed and the question is strictly one of law. The fact that parole is a privilege and not a right is not germane to this decision nor is the court concerned with the bad character of the defendant. If the Parole Board is correct, then the writ must be denied. If the relator's contention is correct, that by the plain wording of the statutes the sentences imposed upon relator have terminated, then the relator must be discharged from imprisonment.

Relator was sentenced on June 8, 1916, to State prison for an indeterminate term of ten to twenty years. While so confined, and on December 27, 1921, he was sentenced to State prison for a subsequent felony, to wit, assault, second degree, and riot, for a definite term of five years, the time to commence at the expiration of all previous sentences. Shortly thereafter, and on January 18, 1922, he was sentenced to State prison for a subsequent felony, to wit, " attempting unlawful escape after former conviction," for a definite term of seven years, to commence at the termination of all previous sentences. Thereafter, and on July 10, 1924, the then Governor of the State specified August 19, 1924, as the date of the expiration of his minimum sentence upon his first conviction. Thereafter, and on April 19, 1926, which was about two months prior to the expiration of ten years from the date of his first sentence, the Parole Board allowed him to commence the service of his second and third sentences, which were definite, and aggregated twelve years.

The Parole Board on May 12, 1933, in writing, stated that relator was held under a sentence of twelve years and that he would be eligible for parole on May 29, 1933, and directed that he be released on the latter date. Relator signed an agreement which distinctly specified that if during the time of his release on parole and until the date of the expiration of the full term for which he was sentenced he was convicted of a felony, he must serve the remainder of the term without commutation which he would have been compelled to serve but for the reduction of his sentence. There is no reference in this instrument to his indeterminate sentence. However, the Parole Board had no authority to release on parole a convict serving a definite sentence, and such release and reduction of sentence must have referred to the indeterminate sentence. Relator was not convicted of a felony while released on parole, but on March 24, 1935, was arrested in Rochester as a parole violator in having left the city of Buffalo without consent of the parole authorities.

The Parole Board has taken the position that at the expiration of the minimum sentence the relator, although confined, remained under the jurisdiction of the Parole Board for the remaining ten years and that relator would, after his arrest as a violator of his parole upon his indeterminate sentence, be required to serve a term equal to the time computed from the date of such arrest until the time of the expiration of the twenty-year period. That is correct. (Correction Law, §§ 212, 213, 218.)

Upon conviction for a felony committed during release on parole and rearrest as a parole violator, the return time commences as of the date of the release on parole. (Correction Law, § 219.) Upon rearrest for any other violation of parole, the return time commences as of the date of the determination of his delinquency. (Correction Law, § 218.) The Parole Board has no jurisdiction over a prisoner beyond the maximum term of his indeterminate sentence except in the event that a paroled convict commits a felony while released and on parole. The relator not having committed a felony while on parole, the jurisdiction of the Parole Board over him ended twenty years after his first sentence.

The Parole Board has determined and declared that the termination of the minimum sentence of relator was on April 12, 1926, although the Governor had declared that the minimum term expired on August 19, 1924. At the termination of such minimum sentence and by direction of the Parole Board the relator commenced the service of his definite sentences aggregating twelve years. From that time on the second ten years of relator's indeterminate sentence and the actual service under the definite sentences aggregating twelve years were concurrent. The Parole Board now maintains that to the unexpired term of the indeterminate sentence must be added an additional term based upon his definite sentences and measured by a period equal to the time computed from the date of his arrest as a parole violator until the time of the expiration of the definite sentences aggregating twelve years. This obviously changes the sentences which became concurrent at the end of the minimum period to consecutive sentences from and after the return of the relator as a parole violator. There is no warrant in the statute for such a change.

Undoubtedly, it was to correct the uncertainty which had arisen as to the termination of an indeterminate sentence and to define a definite course of procedure that subdivision 3 of section 2190 of the Penal Law was enacted by chapter 70 of the Laws of 1936. So much of chapter 328 of the Laws of 1936 (§ 6, amdg. Penal Law, § 2190) as affects this proceeding is as follows:

"§ 2190. Sentence on two or more convictions of two or more offenses. * * *

" 2. Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced.

" 3. Whenever under the provisions of this section or under the sentence of the court, an indeterminate sentence is required to terminate before the commencement of another term for such purposes only, such indeterminate sentence shall be deemed to terminate at the expiration of the minimum thereof, less any discretionary reduction which may be allowed, pursuant to the provisions of article nine of the Correction Law, and any prisoner serving such a sentence may then in the discretion of the Board of Parole be allowed to commence the service of such subsequent term. * * *." The act of 1936 further provides:

" § 9. This act shall take effect immediately and shall apply to all indictments or informations hereafter filed, whether the crimes or offenses alleged therein were committed before or after the effective date hereof."

The plain reading of that statute is applicable to this case. At the end of a minimum term of an indeterminate sentence, the term ends for the purpose of permitting the Parole Board when it sees fit to allow a convict to commence the service of his subsequent sentences. This does not deprive the Parole Board of its supervision for the remainder of the indeterminate sentence as the Board may not allow a convict to commence his subsequent sentence until the end of the maximum of his indeterminate sentence. But in this case the Parole Board allowed the relator to commence his subsequent sentences. The Legislature did not end the indeterminate sentence at the end of the minimum period for the purpose of depriving the Parole Board of its jurisdiction to the end of the maximum term. But it did end the minimum term to permit the Parole Board at any time thereafter to allow the prisoner to commence his subsequent sentences.

Whether the minimum sentence of relator ended at the time determined by the Governor; whether it ended at the time fixed by the Parole Board or whether it ended at the expiration of ten years, as provided in section 2190 of the Penal Law, he did commence his later sentence more than twelve years ago by grant of the Parole Board, and that sentence has expired. The period of his sentence for his first offense, to wit, twenty years, has also expired. By reason of the expiration of all his sentences there is no warrant for his further incarceration.

There is another significant fact which suggests itself to the court as determinative of this writ of habeas corpus. At the time of relator's release in 1933 he was serving a definite sentence. The Parole Board at that time had jurisdiction and authority over him, and in the absence of his later sentences could have released him on parole. Yet at that time he was serving a definite sentence, and the Parole Board had no right to release the relator from incarceration, the Governor alone having such power of commutation. The Parole Board later in 1935 recommitted relator as a parole violator and could only require him to serve for a period measured by the date of the determination of his delinquency in 1935 and the expiration of twenty years from 1916. (Correction Law, § 218.) If the Board had no authority to release him from incarceration while he was serving a definite sentence it had no authority to rearrest him as a parole violator nor change the date of the expiration of his definite sentences beyond the time fixed by the sentencing court. Obviously, in that view, the Parole Board had no right at the time of his arrest as a parole violator to add any time of the definite sentence to the time prescribed upon the indeterminate sentence. The suggestion may be made that he must still be confined in prison because of the claim that he has not served twelve full years. Had he not been so illegally released he would have served twelve full years since 1926, less compensation. That right to compensation cannot be taken from him by an illegal release. (*Matter of Jennings,* 118 Fed. 479.)

This court is not usurping the administrative or discretionary powers of the Board of Parole nor reviewing a judicial function of that Board, as is forbidden by section 212 of the Correction Law. The constitutional writ of habeas corpus could serve no greater purpose than when invoked at a time when the State continues to incarcerate a convict after his sentences as fixed by the sentencing courts, the Parole Board and the statutes have expired. The Parole Board has acted with the very best of motives and in the exercise of its best judgment, but its jurisdiction of relator ceased as herein indicated on June 8, 1936.

The court has marked as Exhibits A and B on writ of habeas corpus two photographic copies of departmental records which are to be filed with this opinion.

The court realizes that this decision is in conflict with other decisions, but the court cannot escape the definite conclusion that the relator has already served his full time and is entitled to immediate release.