Estate of KATE C. CURTIS, INC., Respondent, v. ALBERT A. FENYVESSY and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. Memorandum: We believe that plaintiff's first alleged cause of action, which defendants challenge under rule 106, subdivision 5, of the Rules of Civil Practice, contains allegations which sufficiently plead a cause of action for malicious wrong. (*Miller* v. *Spitzer,* 224 App. Div. 39, 40–41; *Bob* v. *Hecksher,* 235 id. 82, 83–84; *Herman* v. *Gutman,* 244 id. 694, 696.) All concur. (The order denies defendants' motion to dismiss the complaint, in an action for malicious wrong.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WYDRO, Respondent, v. WILLIAM HUNT, as Warden of Attica State Prison. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order reversed on the law, without costs, and writ dismissed and relator remanded to the custody of the warden of Attica State Prison. Memorandum: The twenty-year maximum sentence of relator did not expire until July [June] 9, 1936. Therefore, when he was declared delinquent on March 24, 1935, he owed on such maximum sentence one year, two months and fifteen days. (Correction Law, § 220.) As the Parole Board allowed the maximum term of the first sentence and the terms imposed in the following two sentences to run concurrently, the final expiration date of the two definite sentences was April 18, 1938. Thus, when he was declared delinquent, on March 24, 1935, he still owed on these two sentences three years and twenty-five days. The total time owing on all sentences was four years, three months and ten days, which term he was required to serve from the date he was returned to prison (March [April] 12, 1935). Therefore, all his sentences will not expire before July 22, 1939. As the relator's terms have not expired, the order should be reversed, without costs, the writ dismissed and the relator remitted [remanded] to the custody of the warden of Attica State Prison. All concur. (The order sustains a writ of habeas corpus and directs that relator be discharged from custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ. [168 Misc. 591.]