JAMES A. ANDREWS, Respondent, v. SAMUEL LEBIS et al., Defendants, and BROOKLYN TRUST COMPANY, Individually and as Trustee under a Declaration of Trust Dated August 4, 1937, and as Co-trustee under a Declaration of Trust Dated March 15, 1945, et al., Appellants. JAMES A. ANDREWS, Respondent, v. SAMUEL LEBIS et al., Appellants, et al., Defendants.— Plaintiff by this action seeks to recover commissions alleged to be due by reason of his full performance of two contracts, by one of which he was employed to find a purchaser for the fee of premises owned by defendants-appellants Brooklyn Trust Company and Richard A. Brennan, as trustees, and by the other to find a purchaser for a mortgage owned by defendant-appellant Brooklyn Trust Company, individually. Against the respective sellers he has pleaded a separate cause of action for commissions, with interest from the date of the contract for sale, which he alleges he procured. In a third cause of action he alleges that all the defendants-appellants conspired to and did conceal from him knowledge of the negotiations which led to the execution of the contracts and concealed the fact that the con-

tracts had been executed in order to deprive him of the commissions which he had earned. He asks damages equal to those commissions with interest from the separate dates of the contracts. Defendants-appellants appeal from an order which denied their respective motions to dismiss causes of action under rule 106 of the Rules of Civil Practice, and to strike out paragraphs and parts of paragraphs under rule 103, and denied the motion by defendants Sherman and Alpert to dismiss the third cause of action on the ground it is barred by the three-year Statute of Limitations. Order modified on the law by striking out the word "denied" and the period at the end of the ordering paragraph, and by adding the following: "granted and denied as hereinafter stated: (1) In so far as the trustees seek to dismiss the third cause of action and to strike out paragraphs in that cause of action and paragraphs 'Tenth', 'Twelfth', 'Sixteeenth', and 'Twentieth', and the reference to these paragraphs in paragraph 'Seventeenth', motion is granted; but (2) denied in so far as they seek to dismiss the first cause of action and to strike out paragraphs 'Fifth' to 'Ninth', inclusive, 'Thirteenth' to 'Fifteenth', inclusive, 'Twenty-second' to 'Thirtieth', inclusive, 'Thirty-sixth' to 'Fortieth', inclusive, and such of these paragraphs as are realleged in paragraphs 'Seventeenth' and 'Thirty-third', other than the 'Tenth', 'Twelfth' and 'Sixteenth' paragraphs. (3) In so far as the Brooklyn Trust Company, individually, and other defendants seek to dismiss the third cause of action, motions are denied but granted in so far as they seek to compel plaintiff to separately state and number the two causes of action as set forth in the third cause of action; and is denied in so far as Brooklyn Trust Company, individually, seeks to strike out paragraphs 'Twenty-third', 'Thirty-seventh', 'Thirty-eighth', 'Fortieth' and parts of paragraphs 'Ninth', 'Thirty-fourth', 'Thirty-sixth', 'Thirty-ninth', 'Forty-first', 'Forty-fourth', and 'Forty-fifth' and paragraphs 'Forty-sixth' to 'Fifty-ninth', inclusive; and the reference in paragraph 'Thirty-third' to paragraphs 'Fourth', 'Seventh' and 'Eighth', and in paragraph 'Forty-fourth' to paragraphs 'Fourth', 'Seventh', 'Eighth', 'Eleventh', 'Twelfth', 'Fourteenth', 'Sixteenth'; but is granted in so far as it seeks to strike out the re-allegation of paragraphs 'Tenth' to 'Sixteenth', inclusive, in the 'Thirty-third' paragraph, and the re-allegation of the 'Tenth', 'Twelfth' and 'Sixteenth' paragraphs in the 'Forty-fourth' paragraph. (4) In so far as the defendants Sherman and Alpert seek to dismiss the third cause of action as to them on the ground the cause of action is barred by the Statute of Limitations (Civ. Prac. Act, § 49); and seek to strike out paragraphs and parts of paragraphs, other than the re-allegation in paragraph 'Forty-fourth' of the allegations of the 'Tenth', 'Twelfth', and 'Sixteenth' paragraphs, their motion is denied; (5) In so far as the defendant 98 Montague, Inc., and the defendant Lebis seek to strike out paragraphs and parts, other than the re-allegation of paragraphs 'Tenth', 'Twelfth' and 'Sixteenth' in paragraph 'Forty-fourth', their motions are denied; (6) The plaintiff is directed to serve an amended supplemental complaint within twenty days in accordance with the foregoing provisions." As so modified, the order is affirmed, with $10 costs and disbursements to the appellants. In the first and second causes of action respondent alleges full performance of the contracts which he alleges were made with him. He repeats all the allegations of those causes of action in the third cause of action. In no cause of action does he allege that full performance by him was prevented by the parties who employed him or by the other appellants. He alleges appellants conspired to do acts to deprive him of the commissions which he was entitled to as the procuring cause of the respective sales of the fee and the mortgage.

The acts pleaded are claimed to have been performed by appellants to give the appearance that respondent had not been the procuring cause of the sales and to deprive him of the compensation he "had earned". The respondent proceeds against the trustees, as such, in the first and third causes of action. The face of the complaint does not disclose any limitation on the power of the trustees to sell, other than the necessity for approval by the Supreme Court of contracts to sell the fee. No fact is alleged which requires a present holding that the Supreme Court had to approve contracts whereby brokers were engaged to sell the fee. The contract of employment alleged to have been made by the Brooklyn Trust Company, as such trustee, when it was the sole trustee and, as such, the owner of the fee, if not prohibited by the declarations of trust for the benefit of holders of mortgage certificates, can be found to bind the estate, notwithstanding a cotrustee was thereafter designated. (Cf. *Noyes* v. *Blakeman,* 6 N. Y. 567.) The cotrustee is, therefore, a proper party since the estate is sought to be charged. Assuming the truth of the allegations of the first cause of action, they are sufficient to constitute a cause of action. The second cause of action is not attacked in its entirety. From the allegations of the twenty-third paragraph, an inference may be drawn that the Brooklyn Trust Company, as trustee, required as a condition of selling the premises that respondent's customer purchase the mortgage owned by it individually. For that reason the allegations with reference to the second mortgage which have been allowed to stand are not irrelevant. Likewise, the allegations as to transactions with corporations and persons, other than the person produced by plaintiff, are allowed to stand because respondent has alleged that he procured the execution of the contract for sale of the premises which the trustees made with one of the corporations. The facts alleged tend to establish that the trustees negotiated for the sale of the fee in the absence of respondent and without notification to him of the negotiations or the execution of the contract or deed. The third cause of action, however, states no independent cause of action against the trustees as such. (*Labow* v. *Para-Ti Corp.,* 272 App. Div. 890.) Respondent therein realleges all the allegations of the first and second causes of action and thereby alleges full performance of his contracts and realleges his prayers for relief. The third cause of action is framed on the theory that all the appellants are liable for damages occasioned by a single conspiracy. However, the face of the complaint reveals that any damages arose from the breach of the separate contracts on separate dates. The contracts are alleged to have been made with different employers. Respondent has, therefore, pleaded two causes of action. (*Miller* v. *Spitzer,* 224 App. Div. 39.) In view of the allegations of the forty-fifth paragraph as to the time when the appellants conspired, the latter are entitled to have the respondent separately state any cause of action he may have for damages. For the breach by the contracting parties, whether induced or voluntary, respondent has as against them solely an action for breach of contract. Neither of the employers was, therefore, properly joined as a party in the third cause of action insofar as it alleges they conspired to breach their own contract. (*Labow* v. *Para-Ti Corp.,* 272 App. Div. 890, *supra.*) Neither can the trust estate be held for malicious and voluntary interference by the trustees, as such, with the performance of the contract alleged to have been made with the Brooklyn Trust Company, individually. (*Kirchner* v. *Muller,* 280 N. Y. 23, 28.) The latter, however, is charged with joint acts which can be found to have induced a refusal by the trustees to pay the commissions claimed to have been earned. Although failure to prove insolvency of the contracting party at trial may work a dismissal of a cause of action for

damages sustained by induced refusal to pay earned commissions (*Simon* v. *Noma Elec. Corp.*, 293 N. Y. 171),' it is not necessary to allege insolvency. (*Hornstein* v. *Podwitz,* 254 N. Y. 443.) In this last-cited case the original complaint was held to be good by the Court of Appeals notwithstanding there was no allegation that the contracting party was insolvent. It should be noted that it was not there decided that the contracting party was a proper party to a cause of action based on malicious conduct inducing a breach of contract. It was not an abuse of discretion to refuse to dismiss the third cause of action under subdivision 6 of rule 107, of the Rules of Civil Practice. It cannot be assumed that respondent could not have met an affidavit, properly served, by facts which might establish that, as to the moving defendants, the running of the Statute of Limitations had been interrupted. Moreover, the complaint alleges that the appellants agreed to and did conceal from respondent knowledge that the contract made by the trustees and the deed had been executed by them. It alleges that there was also concealment of the execution of the contract for sale of the mortgage. If such concealment induced the breach of the contracts, it could be found that the concealment was fraudulent. The sellers, as well as the respondent, were required to act in good faith. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378.) If the sellers undertook in the absence of the broker to negotiate and execute agreements with the party produced by the broker, or by the nominee of such party, as they had the right to do, nevertheless it cannot be said, as matter of law, that good faith did not require that the broker be notified of the execution of the instruments which bound his customer or the nominee of that customer. The definition of an injury to property in the General Construction Law excludes from actionable acts, whereby an estate of another is lessened, a breach of contract. When payment is refused of a debt due, whether voluntarily or by wrongful interference, it is the breach which gives rise to a right of action on contract or damage for a tort. In *Neff* v. *Willmott, Roberts & Looney* (170 Okla. 460), relied on by appellants Alpert and Sherman, the opinion states no element of concealment was charged. It is the malicious act and the breach induced which constitute the cause of action for tort. Therefore, it was not error to dismiss the third cause of action on the ground that, as matter of law, the three-year Statute of Limitations (Civ. Prac. Act, § 49) was applicable. The denial in that respect, however, should have been without prejudice to setting up that statute in the answer or to its renewal when the separate causes of action are restated. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. [See *post*, p. 1005.]