BEVERLY K. WEICKER, Appellant, *v.* LOWELL P. WEICKER et al., Respondents.

First Department, June 9, 1966.

*Arnold I. Roth* of counsel (*Rosenman Colin Kaye Petschek & Freund,* attorneys), for appellant.

*Robert M. Bozeman* for Lowell P. Weicker, respondent.

*Arthur H. Beyer* for Antoinette Littell, respondent.

*Per Curiam.* This is an appeal by the plaintiff from so much of an order entered April 25, 1966, granting defendants' motion

to compel plaintiff to separately state and number the claims alleged in the first cause of a matrimonial action. In such cause plaintiff is suing her alleged husband and the woman he asserts is his wife. Plaintiff alleges various intentional acts impairing plaintiff's marital status including the securing by defendant Lowell P. Weicker of an ex parte Mexican divorce, which plaintiff alleges is invalid, and a subsequent marriage to the codefendant. A declaratory judgment, an injunction and punitive and exemplary damages are sought.

Under our prior practice there was no specific authority for the corrective pleading motion to separately state and number. The motion was usually denominated as one made pursuant to rule 90 of the Rules of Civil Practice which required that each cause of action be stated and numbered separately. However, since rule 90 did not provide for a corrective motion thereunder, the motion was in effect made pursuant to the inherent authority of the court to correct or regulate pleadings to enable an adversary to respond thereto or made pursuant to subdivision 1 of rule 102 of the Rules of Civil Practice to make more definite and certain. Thus, the courts *sua sponte* have directed pleadings to be stated and numbered separately (*Andrews* v. *Lebis,* 278 App. Div. 858) and under motions to make more definite and certain parties have been directed to state and number separately (*Barrett Mfg. Co.* v. *Sergeant,* 149 App. Div. 1; *Michie* v. *Slayback,* 163 App. Div. 407; *Cerro De Pasco Tunnel & Min. Co.* v. *Haggin,* 106 App. Div. 401).

Similarly under the Civil Practice Law and Rules, while 3014 requires causes of action to be separately stated and numbered, motions thereunder are not specifically authorized. However, as under former practice, in a proper case, the CPLR permits motions to be made under 3024 (subd. [a]) for a more definite statement "which would have the same practical effect as a motion to state and number separately" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 30-175, par. 3014.09. Therefore appeals from orders directing or denying motions to state and number separately must be treated as if the motions were made under CPLR 3024 (subd. [a]). CPLR 5701 (subd. [b], par. 2) states than an order granting or denying a motion for a more definite statement in a pleading is not appealable as of right. This court in *Pearlberg* v. *Lacks* (23 A D 2d 834) noted that it would decline to review appeals as of right from orders involving motions made pursuant to CPLR 3024 (subd. [a]) and only entertained that case because the question of appealability was not raised.

Accordingly, since permission was not obtained, the appeal should be dismissed, without costs.

BREITEL, J. P., McNALLY, STEVENS and EAGER, JJ., concur.

Appeal from order entered on April 25, 1966 unanimously dismissed, without costs and without disbursements.