■ ADOLFINA MONTES, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Defendant-Appellant and Third-Party Plaintiff. JOHN J. MONTES, Third-Party Defendant. — Judgment, Supreme Court, New York County (Klein, J.), entered October 22, 1980, which granted plaintiff summary judgment in the sum of $34,927 plus interest of $56,942 and costs and disbursements, unanimously modified on the law to deny plaintiff's motion for summary judgment

and otherwise affirmed, without costs. Plaintiff allegedly established two Totten trust savings accounts in trust for her children at defendant bank, in August, 1952. Her signature was the only authorized and registered signature to withdraw funds. The passbooks were allegedly in the custody of her husband, in a safe deposit box in a vault at the bank. From August, 1952 until July, 1970, she allegedly gave her husband checks and cash in the total sum of $34,927 to deposit in these accounts. In the course of a matrimonial dispute with her husband sometime in 1971 or 1972, she discovered the passbooks in her husband's desk and found that moneys had been withdrawn, allegedly by forgery of her signature, on 39 occasions. She alleges that the withdrawals had been made by her husband either with the collusion of employees at the bank, or by virtue of their gross negligence, and that she never signed a withdrawal slip at any time. The bank's answer pleaded defenses of Statute of Limitations, laches and contributory negligence, and asserted a claim over against plaintiff's husband alleged in the third-party complaint against him. The husband counterclaimed against the bank. On a prior appeal we ruled that the affirmative defense of Statute of Limitations pleaded by the bank was viable because plaintiff had exclusive knowledge as to when she discovered her husband was fraudulently withdrawing money from her accounts (*Montes v Manufacturers Hanover Trust Co.*, 78 AD2d 786). On plaintiff's motion for summary judgment she alleged "It now appears that my former husband forged my signature". In opposition to the bank's cross motion the husband alleged that he "never withdrew any funds from any of the accounts alleged by the plaintiff to be in her name nor did the plaintiff ever give your deponent any monies to deposit in any of the aforesaid accounts." In opposition to the motion and on the bank's cross motion for summary judgment over against the husband, the bank claimed that only the plaintiff and her former husband knew who signed the withdrawal slips and whether plaintiff had authorized the withdrawals. In our view Special Term erred in granting plaintiff summary judgment in the sum of $34,927 upon the ground that the bank's opposition contained only conclusory statements and that the facts concerning the alleged forgery would be within the bank's knowledge. Special Term denied the bank's cross motion on the ground that issues of fact were raised by the husband's denial of ever having withdrawn money from the accounts. It appears that the last withdrawal from the accounts was made in 1964 and this action was begun in 1976. It is plain that there are issues of fact as to who signed the withdrawal slips, and if not signed by the plaintiff, whether the withdrawals were authorized, ratified or affirmed by the plaintiff, and whether she received the proceeds. The husband's affidavit in opposition to the cross motion, even though only alleged against the bank, is sufficient to raise a triable issue on plaintiff's claim that the husband made the withdrawals without authority. Under these circumstances, summary judgment against the bank, upon the ground that its opposition was conclusory, was improper. Since the alleged forger denies the pertinent allegations of the plaintiff, there is an issue of fact. The requisite information is not known to the bank. There are triable issues requiring a denial of plaintiff's motion for summary judgment. Concur — Ross, J. P., Markewich, Silverman and Fein, JJ.