J. Irwin Shapiro, J.
This is a motion by the plaintiffs ‘ ‘ for a judgment dismissing the affirmative defense contained in paragraph designated 1 fourth ’ in the answer of the defendants benjamin falk and Pauline falk, pursuant to CPLR 9211 (-b), on the ground that a defense is not stated ”. The affirmative defense alleges as follows: “ fourth : The complaint herein does not state facts sufficient to constitute any cause of action against these answering defendants in that notice of the occurrence or transaction in which these defendants claim to be involved is not alleged in the complaint nor are the material elements of any cause of action stated against these defendants.”
Plaintiff’s complaint in effect states that the infant plaintiff 1 ‘ was a passenger on a motorcycle operated by defendant Arthur Halpern” on July 15, 1968 at Lido Boulevard, Lido Beach, Hempstead, N. Y., which was a public highway; that the motorcycle was then owned by defendant Kaplan and that it was driven by defendant Halpern with Kaplan’s permission, and at that time and place ‘ ‘ all of the defendants were negligent in that the motor vehicle owned by defendant Benjamin Falk and operated by defendant Pauline Falk was in collision with the motor vehicle operated by defendant Arthur Halpern ”, as a result of which the infant plaintiff was injured.
In contending that the complaint is insufficient and that its defense should be permitted to stand, the defendants Falk contend that the “ allegation of negligence on the part of the defendant is merely a conclusion without facts to substantiate it whatsoever and there is no indication given whatsoever in any portion of the complaint thai\ the plaintiff, Rona Pritzker^ was free from contributory negligence in the manner in which' the accident allegedly occurred.”
Reliance is placed upon such cases as Beatty v. McCutcheon (200 App. Div. 869) in which the Appellate Division in this *990 Department held a complaint to be insufficient, saying: “ But negligence of a defendant is a violation of the duty which arises from certain stated facts, and therefore, we think the defendant’s acts should be pleaded from which the conclusion of negligence may be drawn. If the facts or omissions of the defendant are pleaded, then we think they may be characterized as negligent to give them the quality of actionable acts.” (See, also, for cases with similar holdings, Schweitzer v. Mindlin, 248 N. Y. 560; Peterson v. Eighmie, 175 App. Div. 113; Partridge v. Nee, 242 App. Div. 800.)
To those of us steeped in ancient law which requires that the material elements of a cause of action be set forth in a complaint to make it valid and that it should state the nature of the alleged wrongs perpetrated by the defendant, it may come as a surprise to find that the complaint in this case, despite its omissions, is good as a pleading. OPLR 107 provides that: “ The judicial conference of the state of New York shall have the power to adopt, amend and rescind an appendix of forms. Forms adopted pursuant to this section shall be sufficient under the civil practice law and rules and shall illustrate the simplicity and brevity of statement which the civil practice law and rules contemplate. ’ ’
This section following the lead of the Federal Rules of Civil Procedure, and the practice adopted by most sister States, affirmatively confers upon the Judicial Conference the power to adopt an appendix of official forms. The Judicial Conference did adopt such official forms, effective 'September 1, 1968, and Form 12 (¡22 NYCRR Appendix A-2) sets forth what is sufficient to state a cause of action in an automobile negligence case. Omitting the wherefore clause, it reads as follows:
“1. On June 1, 1966, in a public highway called Broadway in New York City, defendant C.D. negligently drove a motor vehicle against plaintiff who was then crossing the highway.
‘ ‘ 2. That motor vehicle was then owned by defendant E.F. and driven by defendant C.D. with defendant E.F. ’s permission.
“ 3. Solely as a result of defendant C.D.’s negligence, plaintiff was personally injured, lost earnings and incurred expenses for [e.g., care and treatment].”
The complaint in this case contains every element set forth in official Form 12 and it is therefore sufficient as a matter of law. Accordingly, the defense which asserts that it is not must be stricken. The defendants, of course, may obtain the information necessary for them to prepare for trial by both a bill of particulars and an examination before trial.
*991 In some cases, changes made by the Judicial Conference in the CPLR are subject to veto by the action of the Legislature (see Judiciary Law, § 229, subd. 3). That is not the situation in the case of the adoption of these official forms for they become effective in accordance with the terms of their promulgation by the Judicial Conference.
In passing, it might not be amiss to note that in the court’s opinion, the widespread use of the abbreviated forms will make unnecessary many of the pleading motions which now burden the court and, when successful, usually wind up with the statement that leave is given to serve an amended pleading. While not all change is progress, this reform would appear to be a most salutary one. The motion is granted.