■ KENNETH HELLER, Respondent, v MUTUAL MARINE OFFICE, INC., et al., Appellants. — Order, Supreme Court, New York County, entered February 11, 1980, which denied defendants-appellants' motion to compel plaintiff-respondent to give responsive answers to defendants' interrogatories, unanimously reversed, on the law and the facts, and the exercise of discretion, and motion granted, with costs. Defendants served written interrogatories upon plaintiff, who ignored them. He failed to either answer or object. No motion to strike (CPLR 3133) or for a protective order (CPLR 3103) was made. Defendants then moved to compel plaintiff to file answers to the interrogatories, and Special Term ordered plaintiff to answer without prejudice to making objection as to the propriety of the questions. Plaintiff ignored Special Term's order. He defaulted in answering and made no motion for a protective order. Defendants then moved for an order dismissing the complaint, etc., which was denied upon plaintiff's representation that answers to the interrogatories would be served within three weeks. Plaintiff served answers (five months after the original service of the interrogatories) which, however, were largely not responsive and were evasive. Defendants thereupon moved to compel plaintiff to serve responsive answers, and defendants appealed the order denying that motion. Plaintiff's cavalier conduct should not be rewarded. His belated purported answers, which followed his total disregard of Special Term's orders, warrant reversal and the granting of defendants' motion in its entirety, with costs. Concur — Murphy, P. J., Kupferman, Ross, Yesawich and Carro, JJ.

■ ADOLFINA MONTES, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, et al., Appellants and Third-Party Plaintiffs. JOHN J. MONTES, Third-Party Defendant. — Order, Supreme Court, New York County, entered May 4, 1979, granting plaintiff's motion to dismiss the affirmative defense based upon the Statute of Limitations, reversed, on the law, and motion denied, with costs. In pleading an affirmative defense based upon the Statute of Limitations, it is unnecessary for defendant Manufacturers to identify the statutory sections relied upon or to specify the applicable period of limitations *(Immediate v St. John's Queens Hosp.,* 48 NY2d 671, 673). Therefore, its affirmative defense is properly pleaded. With regard to the merits of the defense under CPLR 3211 (subd [b]), plaintiff has exclusive knowledge as to when she discovered her husband was fraudulently withdrawing money from her accounts. Thus, it would be impossible for defendant Manufacturers to develop the merits of this defense until it has had an opportunity to examine the plaintiff. For this reason, it would be premature for this court to consider the merits of Manufacturers' affirmative defense based upon the Statute of Limitations. *(Newfield v East Riv. Sav. Bank,* 263 App Div 983.) Concur — Murphy, P. J., Kupferman, Ross, Yesawich and Carro, JJ.