■ Beverly Madden et al., Appellants, v New York Hospital, Respondent. [652 NYS2d 23] —Order, Supreme Court, New York County (Stephen Crane, J.), entered June 21, 1995, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff Beverly Madden slipped and fell on the floor in a corridor of the defendant hospital, injuring her arm and leg. According to plaintiff, the floor seemed particularly "shiny * * * slick and slippery to the touch." In response to defendant's motion for summary judgment, plaintiffs submitted an affidavit from an expert who had examined the floor six weeks after the incident, in Madden's company. According to the expert, his "close examination" revealed that the "floor finish was cloudy in places with hairs and mop string materials imbedded in the hardened finish. These conditions indicated to me that the floor had been improperly cleaned and the floor finishing materials had been carelessly applied." He also concluded that these observations supported the conclusion that the "stripper used to prepare the floor for finishing had been incompletely or improperly removed."

We disagree with the IAS Court that this affidavit did not

raise triable issues of fact, and we reverse and reinstate the complaint. Through the expert's affidavit, plaintiffs have alleged more than that the floor was merely slippery or smooth, conditions that, alone, will not give rise to a cause of action or inference of negligence (*Murphy v Conner*, 84 NY2d 969; *Pizzi v Bradlee's Div. of Stop & Shop*, 172 AD2d 504). Unlike the cases cited by defendant and the court, the expert opinion proffered in the instant case was not based merely on inspection of the general area (*Murphy v Conner, supra*) or inspection that took place years later (*Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381), but on close inspection of the site of the accident in plaintiff's company only six weeks later; the affidavit did not consist of speculation concerning the cleaning products or practices of the hospital (*Pizzi v Bradlee's Div. of Stop & Shop, supra*), but, rather, set forth the specific findings that formed the basis for the expert's opinion that the floor had not been properly cared for. Accordingly, summary judgment should have been denied. Concur—Milonas, J. P., Wallach, Rubin and Mazzarelli, JJ.