■ ANGELINA MELENDEZ, an Infant, by Her Mother and Natural Guardian, et al., Respondents, v MARIA DORVILLE et al., Appellants. [940 NYS2d 259]—

Order, Supreme Court, Bronx County (Patricia A. Williams, J.), entered February 23, 2011, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to come forward with evidence to show that none of the injuries alleged in the bill of particulars could have been proximately caused or exacerbated by the infant plaintiff's elevated blood lead levels (*see Bygrave v New York City Hous. Auth.*, 65 AD3d 842, 846-847 [2009]). In any event, plaintiffs raised triable issues of fact as to the cause and extent of the infant's injuries. Contrary to defendants' contention, the affidavits by plaintiffs' experts were not speculative. The experts' conclusions were soundly based upon their personal examinations, administration of objective tests, and explicit consideration of the infant's records (*see Vazquez v New York City Hous. Auth.*, 79 AD3d 623 [2010]; *Zapata v Sutton*, 84 AD3d 521 [2011]).

The motion court made no determination of the credibility of defendants' expert. It simply considered the bases for his opinion, and determined that the experts' conflicting opinions presented triable issues of fact (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Powell v HIS Contrs., Inc.*, 75 AD3d 463, 465 [2010]). Moreover, as the nonmovants, plaintiffs are entitled to all the reasonable inferences to be drawn in their favor (*see Gulf Ins. Co. v Transatlantic Reins. Co.*, 69 AD3d 71, 86 [2009]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.