[8 NYS3d 143]

Scholastic Inc., Appellant, v Pace Plumbing Corp., Respondent, et al., Defendants.

First Department, April 28, 2015

### APPEARANCES OF COUNSEL

*Finazzo Cossolini O'Leary Meola & Hager, LLC*, New York City (*Robert M. Wolf* and *Robert F. Cossolini* of counsel), for appellant.

*Lester Schwab Katz & Dwyer, LLP*, New York City (*Daniel S. Kotler* and *Harry Steinberg* of counsel), for respondent.

### OPINION OF THE COURT

ACOSTA, J.

The fundamental question in this appeal is whether defendant properly pleaded an affirmative defense based on the statute of limitations, where the defense was concealed within a boilerplate, catchall paragraph containing 15 other affirmative defenses and an attempt to plead and reserve every other conceivable affirmative defense. We hold that defendant's statute of limitations defense was inadequately pleaded because of its failure to separately state and number the defense and that plaintiff was prejudiced by the defective pleading. However, because the prejudice is curable by permitting discovery on the statute of limitations issue, we remand to the motion court to allow defendant to correct its defective pleading and plaintiff to obtain the needed discovery.

### I. Facts and Background

On June 1, 2006, plaintiff, Scholastic Inc., suffered more than $1.5 million worth of water damage due to a water pipe

breakage in the first-floor ceiling of its mixed-use building in Manhattan. It was discovered that a Victaulic coupling had come loose and ultimately caused the piping to separate and water to flood the building.[1]

Defendant Pace Plumbing Corp. is the plumbing subcontractor that installed the Victaulic piping, fittings, and couplings at the time the building was constructed. Prior to the accident, there had not been any leaks in the Victaulic plumbing system. The pipes passed water pump compression tests after Pace completed its plumbing installation.

Once the breakage was discovered, Scholastic arranged for nonparty PAR Plumbing to shut down the building's water supply and immediately repair the separated piping. Photographs of the point of separation were taken before repairs began. Metal rod bracing was added along the length of the horizontal first-floor ceiling pipe, including the joint areas, to stabilize the pipe from vibrations that were caused when the building's water pump system turned on and off. PAR Plumbing's worker did not take the time to inspect the coupling, but he decided against reusing it in case it had failed; after he placed the coupling in the ankle deep water, a cleaning crew inadvertently disposed of it as they were removing water and debris from the area.

Scholastic's insurer paid the property damage claim of $1,554,096.23 and is subrogated to Scholastic's rights.

In November 2008, Scholastic commenced this action against Pace—and other defendants who are not parties to this appeal—alleging negligence and breach of contract in connection with the installation and maintenance of the Victaulic plumbing system.

Pace served an answer that included an affirmative defense that read as follows:

> "That the answering defendant not being fully advised as to all the facts and circumstances sur-

---

1. Victaulic piping is assembled by connecting pipe lengths and/or elbows using rubber gasket wraps, over which heavy metal couplings are clamped into place using a bolt/nut tightening system. The pipe pieces are held together by the couplings' compression force, rather than by soldering the pipes together. A coupling consists of two solid, half-circle metal ring bands, which are tightened together by torqueing (turning) the bolts on either side of the half-moon metal rings. The bolts are screwed into nuts to tighten the metal coupling around the pipe. The coupling at issue, which joined a four-inch diameter pipe to a 90-degree elbow, weighed approximately 10 pounds.

rounding the incident complained of hereby asserts and reserves onto [sic] itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein."

Following discovery, Pace moved for summary judgment dismissing Scholastic's complaint. Pace argued initially that Scholastic's action was time-barred because it was commenced more than six years after the cause of action accrued, noting that the accident occurred in June 2006 and the alleged negligent work by Pace was completed between 1999 and 2001. Pace further argued that the action should be dismissed as a sanction for Scholastic's spoliation of evidence insofar as Scholastic failed to preserve the coupling, thus leaving the door open to speculation as to whether the coupling was defective or had been improperly installed. In support of its argument on the merits of the negligence cause of action, Pace argued that its expert, Philip Sharff, concluded to a reasonable degree of engineering certainty that the uneventful passage of six years, from the time Pace completed its plumbing work to the point when the pipe joint failed, indicated that the piping was properly installed. Sharff explained that had the coupling been improperly installed, it would have been more likely to fail immediately.

In opposition to Pace's motion for summary judgment, Scholastic argued, inter alia, that Pace failed to adequately plead a statute of limitations defense; that Pace's spoliation argument was unavailing because the coupling was discarded in the midst of emergency repair and because Scholastic had taken photographs of the coupling and pipes at the time of the accident; and that an affidavit by Scholastic's engineering expert, Julius A. Ballanco, raised issues of fact because it conflicted with Pace's expert by stating that the coupling separated because of Pace's failure to sufficiently tighten one of the bolts. Ballanco's affidavit further stated that the photographs indicated that the coupling was in good condition and that if the coupling was defective, the initial high-pressurized testing of the piping system would have made that evident.

The motion court found that Pace failed to sufficiently plead its statute of limitations defense, but granted Pace's motion for summary judgment on the merits. Plaintiff appeals.

## II. Discussion

### a. Defendant's Failure to Separately State and Number its Statute of Limitations Defense

Defendant failed to properly plead the statute of limitations, because its inclusion of the defense within a laundry list of predominantly inapplicable defenses did not provide plaintiff with the requisite notice (*see* CPLR 3013, 3014; *Matter of Kowalczyk v Monticello*, 107 AD3d 1365 [3d Dept 2013]). The "statute of limitations" was included towards the end of a list of 15 other affirmative defenses, including "accord and satisfaction, arbitration and award, . . . duress, . . . [and] fraud," defenses for which there appears to be no basis to raise in this case. In fact, defendant's fifteenth affirmative defense was so broad as to render it entirely defective. "[A] party cannot employ a catch-all provision in an attempt to preserve any and all potential defenses/objections for future use without affording notice to the opposing party" (*Kowalczyk*, 107 AD3d at 1366). Moreover, neither plaintiff nor the court ought to be required to sift through a boilerplate list of defenses, or "be compelled to wade through a mass of verbiage and superfluous matter" (*Barsella v City of New York*, 82 AD2d 747, 748 [1st Dept 1981]), to divine which defenses might apply to the case.

The result of defendant's failure to comply with CPLR 3014 is that its statute of limitations defense lay buried within a paragraph of mostly irrelevant, and conclusory, defenses. Although plaintiff could have moved to compel separate numbering (*see* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3014:3, citing *Weicker v Weicker*, 26 AD2d 39 [1st Dept 1966], and *Wolf v Wolf*, 22 AD2d 678 [1st Dept 1964]), it was not required to make such a motion because defendant's answer did not necessitate a responsive pleading (*see* CPLR 3018, 3024). Thus, plaintiff cannot be forced to accept the defective answer simply because it declined to make a motion to compel separate numbering.

Further, we have no doubt that defendant was permitted to plead its affirmative defenses hypothetically—which it apparently attempted to do by "reserving" those defenses unto itself—but only insofar as those defenses were concise,

separately numbered, and sufficiently stated (CPLR 3013, 3014). A permissive hypothetical pleading does not extend so far as to authorize a defendant to plead each and every affirmative defense that might exist without regard to its relevance to the cause(s) of action presented by the complaint. Permitting such conduct here would effectively sanction deception on the part of defendant, whether intentional or not, thereby avoiding the CPLR's notice requirement. In other words, defendant's formulation of its laundry list of defenses in hypothetical terms does not exempt it from the other requirements of CPLR 3014.

The question, therefore, becomes one of prejudice. That is, the CPLR directs us to construe a defendant's answer liberally and disregard defects unless a substantial right of the plaintiff would be prejudiced (*see* CPLR 3026). This must be done in light of the overarching directive that the CPLR "be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (CPLR 104). "[W]e must literally apply the mandate [to construe pleadings liberally] as directed and thus make the test of prejudice one of primary importance" (*Foley v D'Agostino*, 21 AD2d 60, 66 [1st Dept 1964]).

A party suffers prejudice where he or she " 'has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position' " (*DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 240 [2d Dept 1984], quoting *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). Plaintiff argues that defendant's defective pleading induced plaintiff to forgo targeted discovery on the statute of limitations issue, and that plaintiff's right to pursue such discovery would thus be prejudiced—and, perhaps, its claim ultimately barred—by allowing the defect to stand. We agree. Although "the burden is expressly placed upon one who attacks a pleading for deficiencies in its allegations to show that he [or she] is prejudiced" (*Foley*, 21 AD2d at 65), plaintiff has carried its burden here. If this Court simply ignores defendant's defective pleading, plaintiff will not be able to fully contest the statute of limitations defense and, as a result, its action might be precluded based on insufficient evidence.[2] The motion court recognized this prejudice, remarking that "had Scholastic been given adequate notice that Pace

---

2. Because of our finding that discovery on this issue was inadequate, we do not address the merits of the statute of limitations defense.

would rely on the six-year limitations period, it would have had notice to seek discovery with respect to the factual basis for such affirmative defense" (2013 NY Slip Op 31895[U], *4 [Sup Ct, NY County 2013]). In this manner, defendant's defective pleading "prevented [plaintiff] from taking some measure in support of [its] position" (*DiMauro*, 105 AD2d at 240).

Nevertheless, dismissing the statute of limitations defense, or treating the defense as waived, as we might otherwise do (*see* CPLR 3018 [b]; 3211 [e]; *Horst v Brown*, 72 AD3d 434 [1st Dept 2010], *appeal dismissed* 15 NY3d 743 [2010]), would be an excessively severe result. Instead, the prejudice can be cured by allowing defendant to amend its pleading (CPLR 3025 [b]) and then allowing plaintiff to conduct discovery on the statute of limitations issue, particularly to determine when Pace completed its work on the Victaulic plumbing system (*see* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3026:1 [If the prejudice caused by a defect "is curable by an amendment or something equally facile, then it should not be visited with a penalty any greater . . . Frequently, . . . the disclosure devices can avoid any prejudice"]). In the circumstances of this case, remanding to the motion court is the best vehicle by which to satisfy the dictates of CPLR 104. If the statute of limitations defense is meritorious, a determination of that issue would result in a speedy and less expensive conclusion to otherwise protracted litigation. Moreover, given the public interest in repose and judicial economy (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 449 [2000]), it would be inappropriate to deem the defense as waived if plaintiff had, in fact, commenced the action after the period of limitations expired and Pace had attempted to raise the defense in its answer (*see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541, 542 [1st Dept 2011] ["In deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed"]). Therefore, in order to ensure the rights of both parties, we remand for an adequate determination of the date on which Pace completed its work.

b. CPLR Particularity Requirements, Official Form 17, and the Import of *Immediate v St. John's Queens Hosp.*

The motion court, in addressing the parties' dispute regarding the particularity of Pace's statute of limitations defense—assuming defendant had complied with CPLR 3014 by includ

ing the defense in a separately numbered paragraph—also determined that its conclusory pleading of the defense (i.e., a bare assertion of the "statute of limitations") was insufficiently particular to comport with CPLR 3013. The court reached this conclusion without addressing controlling Court of Appeals precedent, *Immediate v St. John's Queens Hosp.* (48 NY2d 671 [1979]), a decision the parties debated before the motion court but perplexingly omitted from their briefs on appeal. The concurrence believes that this longstanding decision—a cursory, unsigned memorandum that held, inter alia, that a defendant's bald statute of limitations defense "was sufficient under CPLR 3013" because the defendant "was not required to identify the statutory section relied on or to specify the applicable period of limitations" (48 NY2d at 673)—would be dispositive of the particularity issue. Nevertheless, because we perceive a lack of clarity concerning whether a conclusory statute of limitations defense is adequate in all cases, we think this issue is one that the Court of Appeals should revisit.

The *Immediate* Court did not explain its rationale or cite any authority in deciding that a conclusory statute of limitations defense was sufficiently pleaded, and it apparently ignored the model statute of limitations defense embodied in Form 17 of the Official Forms. The Official Forms promulgated by the state administrator pursuant to CPLR 107 "shall be sufficient under the [CPLR] and shall illustrate the simplicity and brevity of statement which the [CPLR] contemplate[s]."[3] Official Form 17's exemplary statute of limitations defense states, "The cause of action set forth in the complaint did not accrue within six years next before the commencement of this action" (Siegel, NY Prac § 228 [5th ed]). This example, by specifying the period of limitation on which the defense relies, sets forth the defense with greater particularity than the conclusory assertion of the defense accepted in *Immediate*. Moreover, it indicates the Judicial Conference's obvious determination that the "simplicity and brevity" contemplated by the CPLR would be best achieved by a statute of limitations defense that included the period of limitations; presumably, if the Conference had thought a defendant's conclusory assertion of the defense would suffice, it would have excluded the period of limitations from its illustration of the defense. Yet, contrary to the concurrence's

---

**3.** Originally, the forms "were promulgated in the 1960s by the Judicial Conference. Today, the power to promulgate forms is in the Chief Administrator of the Courts" (Siegel, NY Prac § 210 n 1 [5th ed]).

assertion that *"Immediate* establishe[d] that the Official Form 17 provides more information than is necessary" when pleading a statute of limitations defense, the Court's brief decision did not mention Official Form 17 at all, nor did it give the issue a thorough treatment. As a result, courts and the bar are left to guess whether *Immediate* is universally applicable, or whether courts should decide which of two standards applies to a case given its circumstances: the *Immediate* standard (which deems sufficient a plain assertion of the "statute of limitations") or the Official Form 17 standard (which suggests that defendants plead the applicable period of limitations).

It seems clear that a court cannot require a level of particularity beyond that outlined by the Official Forms; to do so would contravene CPLR 107's command that pleadings that comply with the forms are sufficient as a matter of law (*see Pritzker v Falk*, 58 Misc 2d 989, 990 [Sup Ct, Queens County 1969], cited in Joseph M. McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C107:1). Thus, the most that a court could require of a defendant pleading the statute of limitations is to state the applicable period of limitations, as set forth in Official Form 17. We acknowledge that Official Form 17 establishes a ceiling, not a floor. To be sure, a defendant whose answer pleads the "statute of limitations" *and* includes the applicable period of limitations will necessarily be in compliance with the Official Form, and courts must deem that pleading sufficient pursuant to CPLR 107 and 3013. However, we disagree with our concurring colleagues' belief that *Immediate* intended for all courts, in all cases involving a statute of limitations defense, to accept the least particular pleading possible. Thus, contrary to the concurrence, we are not advocating for a "new pleading requirement," nor are we suggesting that defendants be required to plead "factual particulars" aside from the period of limitations upon which a statute of limitations defense is based. Rather, we are questioning whether *Immediate* was intended to entirely obviate the Official Form 17 standard (which preceded *Immediate*, and reflected the Judicial Conference's opinion that a statute of limitations defense that includes the relevant period of limitations strikes the right balance between particularity and brevity to comport with the CPLR).[4]

---

4. While we agree with the concurrence that Official Form 17's inclusion of the period of limitations "does not logically imply that pleadings contain-

Interestingly, no department of the Appellate Division that has followed *Immediate* has previously raised this question, or explained why the statute of limitations should be treated differently from other affirmative defenses in allowing it to always be pleaded in a conclusory fashion, seemingly in violation of CPLR 3013 (*cf. Commissioners of the State Ins. Fund v Ramos*, 63 AD3d 453, 453 [1st Dept 2009] [affirmative defense stating merely that "(p)laintiff's claims are barred by the equitable doctrine of laches" was correctly dismissed "as pleading only a bare legal conclusion without supporting facts" (internal quotation marks omitted)]); and each case appears to follow *Immediate* without regard as to whether the holding was limited to that case and closely analogous cases (*see e.g. Cadlerock, L.L.C. v Renner*, 72 AD3d 454 [1st Dept 2010]; *Youssef v Triborough Bridge & Tunnel Auth.*, 24 AD3d 661 [2d Dept 2005]; *DeSanctis v Laudeman*, 169 AD2d 1026 [3d Dept 1991]).[5] Moreover, secondary sources accepting *Immediate*'s broad applicability have accorded it scant analysis, if any (*see e.g.* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:19 [assuming that, in light of *Immediate*, a statute of limitations defense "can be adequately probed in a bill of particulars or through the disclosure devices"]; Siegel, NY Prac § 223 n 26 and related text [5th ed]; John L. Amabile, Commercial Litigation in New York State Courts § 7:108 n 5.50 and related text [3d ed 2 West's NY Prac Series]; 2B Carmody-Wait 2d § 13:520 n 1 and related text). Therefore, to suggest any specific rationale underlying the Court of Appeals' decision in *Immediate* is mere speculation.

Perhaps the Court determined—as the concurrence postulates in the first treatment of *Immediate* that attempts to

---

ing less information are necessarily insufficient," the concurrence overlooks that not only "shall [the official forms] be sufficient," they also "shall illustrate the simplicity and brevity of statement which the [CPLR] contemplate[s]" (CPLR 107). The drafters of Official Form 17 necessarily believed that the form properly illustrated that "simplicity and brevity." If they had determined that a simpler and briefer statute of limitations pleading was preferable, they could have drafted Form 17 differently. Therefore, although courts *may* accept the minimal pleading allowed in *Immediate*, we do not think the Judicial Conference envisioned such an approach.

5. Curiously, the Second Department, more than a decade after *Immediate* but without addressing that case, dismissed a conclusory statute of limitations defense because of the defendant's failure to state the period of limitations on which it relied (*Propoco, Inc. v Birnbaum*, 157 AD2d 774, 776 [2d Dept 1990], *abrogated on other grounds by Butler v Catinella*, 58 AD3d 145 [2d Dept 2008]). Although *Youssef*'s holding is contrary to *Propoco*, the Second Department has not expressly overruled *Propoco*.

explain the Court of Appeals' reasoning—that a statute of limitations defense will necessarily relate back to the transaction or occurrence alleged in a given complaint and will consequently give the plaintiff notice of the transaction or occurrence at issue and the material elements of the defense; or perhaps the Court deemed the statute of limitations defense sufficient because, unlike here, the date of accrual of the plaintiff's cause of action was apparent on the face of the complaint, as the verified record in that case demonstrates, and because it was clear which period of limitations applied to the plaintiff's cause of action. In any event, the Court's reasoning remains unknown to us, and we question whether the concurrence's explanation will hold true in every case.

Assuming, in light of *Immediate*, that courts have the authority to accept a less particular statute of limitations defense than Official Form 17 suggests—where, for example, the answer simply states, "Plaintiff's action is barred by the statute of limitations"—such an approach may not be wise in all cases. Instances might arise where a plaintiff will be prejudiced by a defendant's failure to plead the applicable period of limitations. For instance, a complaint might state multiple causes of action (against the same defendant) arising from different transactions or occurrences, as the plaintiff is permitted to plead (CPLR 601 [a]).[6] In such a case, how is a plaintiff to discern which transaction or occurrence a defendant's "bare bones" statute of limitations defense addresses, particularly where the various causes of action may be governed by different periods of limitation? Furthermore, and perhaps more importantly, it is not enough that a defendant's pleading give plaintiff notice of the transaction or occurrence at issue; it must also be sufficient so as to give a plaintiff notice of the "material elements" of the defense (*see* CPLR 3013). Unless the material elements of the defense are obvious on the face of the complaint or in the body of the answer (*see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541 [1st Dept 2011]; *see also Foley v D'Agostino*, 21 AD2d 60, 63 [1st Dept 1964] [noting that "the essential facts required to give 'notice' must be stated" and that "a party may supplement or round out his pleading by conclusory allegations . . . if the facts

---

**6.** The complaint in *Immediate* involved three causes of action, but each of them arose from the same transaction or occurrence (the plaintiff's emergency room visit) and was asserted against the same defendant, as illustrated by the verified complaint in that case.

upon which the pleader relies are also stated"]), a conclusory pleading of the "statute of limitations," which omits the applicable period of limitation, might fail to provide a plaintiff adequate notice under CPLR 3013. Perhaps the material elements of a statute of limitations defense—which, pursuant to Official Form 17, include the applicable period of limitations—will be obvious in some cases by referring to the complaint, but not in "every case" as the concurrence suggests.

Again, prejudice is the critical concern. If a defendant is required to plead the applicable period of limitations (as illustrated by Official Form 17), then the plaintiff will have notice of the defense and be prompted to tailor discovery accordingly. Without such notice of the period of limitations on which a defendant relies, a plaintiff may conduct discovery with one period of limitations in mind regardless of whether the defendant intends to assert the defense based on another period of limitations (and, possibly, a different accrual date). The plaintiff would therefore be prejudiced by an inability to pursue adequate discovery to rebut the defense.[7] If the prejudice is curable, it is possible that, as in the instant case, permitting further discovery will appropriately resolve the problem. Nonetheless, because a defendant bears the burden of pleading and proving its affirmative defenses (Siegel, NY Prac § 215 [5th ed]; 75A NY Jur 2d Limitations and Laches § 369; *accord Bano v Union Carbide Corp.*, 361 F3d 696, 710 [2d Cir 2004]), it is more sensible to require defendants to plead the statute of limitations with as much particularity as illustrated by Official Form 17, at least in cases where, as here, the plaintiff states multiple causes of action and the accrual date is absent from the face of the complaint (or the body of the answer).[8]

---

**7.** Indeed, plaintiff argued before the motion court that it was prejudiced by defendant's conclusory pleading, because plaintiff initially believed that a three-year period of limitation applied (for negligence actions, under CPLR 214 [4], running from the date of injury), and defendant argued that the six-year period of limitation applied (running from the date defendant completed its construction, under CPLR 213 [2]). Plaintiff argued that it would have sought discovery on the date of completion had it known defendant was relying on the latter period of limitation. The parties now agree that the six-year period applies.

**8.** While the concurrence is correct that a plaintiff "does not require advice from the defendant concerning the applicable statute of limitations or the criteria for determining the date of accrual" for his own purposes (e.g., determining whether and when to commence an action), it is the defendant's burden to plead and prove the defense. A defendant, therefore, need not

These issues merit further consideration by the Court of Appeals, due to the ambiguity that has arisen from one of its decisions (*Immediate*) and subsequent case law. Because "litigants, and the bar, deserve a greater level of certainty" (*SPRE Realty, Ltd. v Dienst*, 119 AD3d 93, 99 [1st Dept 2014]), we see no reason why this issue should not be given a second look, particularly in order to harmonize *Immediate* with Official Form 17.[9] That courts have followed *Immediate* without question is not a reason to continue on that path in the face of new issues that the Court may not have considered at the time of its decision. Although the concurrence apparently thinks that the dearth of analysis or critique of *Immediate* means the decision is unassailable, it is the same unquestioning application of the decision to subsequent cases—regardless of whether they are distinguishable and without acknowledging the discord with respect to Official Form 17—that illustrates the need to reassess the issue of whether a conclusory statute of limitations defense is sufficient under CPLR 3013 in all cases.

c. Issues of Fact Arising from the "battle of the experts"

Next, the experts' conflicting opinions as to the cause of the water pipe failure raise issues of fact that preclude summary judgment to any party (*see Ho v Greenwich Ins. Co.*, 104 AD3d 601 [1st Dept 2013]; *Melendez v Dorville*, 93 AD3d 528 [1st Dept 2012]; *Madden v New York Hosp.*, 235 AD2d 245 [1st Dept 1997]). Plaintiff's expert based his opinion not on speculation but on his knowledge of the Victaulic plumbing system's parts and their functions, documentary evidence, witnesses' deposition testimony, and reasonable inferences drawn from photographs taken of the plumbing system at the scene of the failure.

---

"advise" the plaintiff, but must give the plaintiff notice of the material elements of the defense. Although we would not require defendant to affirmatively state the date on which plaintiff's cause of action accrued, his pleading of the defense by stating the applicable period of limitations on which he relies would (implicitly) give plaintiff notice of the date of accrual.

9. While the concurrence "fail[s] to see how [the Court of Appeals' reconsideration of *Immediate*'s import vis-à-vis Official Form 17] will enhance either the efficiency or the fairness of our civil justice system," we similarly fail to see how efficiency and fairness would be negatively affected by a clarification of the law. In other words, the obscurity that the concurrence would allow to stand does no service to the bar or to litigants. The Court of Appeals can easily resolve this issue in a future case by illuminating whether *Immediate* was meant to render Official Form 17's exemplary statute of limitations defense obsolete.

## d. Spoliation

Lastly, with respect to defendant's argument on spoliation, to the extent it is established that plaintiff's repairman negligently discarded the coupling inextricably tied to the plumbing failure, a lesser sanction than dismissal (e.g., an adverse inference) might be appropriate if sought at trial (*see e.g. Melcher v Apollo Med. Fund Mgt. L.L.C.*, 105 AD3d 15, 25-26 [1st Dept 2013]; *Alleva v United Parcel Serv., Inc.*, 112 AD3d 543 [1st Dept 2013]). The coupling itself is not "the sole source of the information and the sole means by which [defendant] can establish [its defense]" that the coupling failed due to a manufacturing defect rather than to negligent installation (*Alleva*, 112 AD3d at 544).

## III. Conclusion

Accordingly, the judgment of the Supreme Court, New York County (Debra A. James, J.), entered October 23, 2013, dismissing the complaint as against defendant Pace Plumbing Corp., should be reversed, on the law, without costs, the complaint reinstated, and the matter remanded for further proceedings in accordance with this decision. The appeal from the order, same court and Justice, entered August 14, 2013, which granted Pace's motion for summary judgment, should be dismissed, without costs, as subsumed in the appeal from the judgment.

FRIEDMAN, J.P.(concurring). I concur in the majority's reversal of the judgment, including the remand to allow defendant Pace Plumbing Corp. to replead its statute of limitations defense in proper form and for further discovery on that issue. The inclusion of the statute of limitations in the middle of a list of 16 different affirmative defenses that Pace purported to "assert[ ] and reserve[ ] onto [sic] itself," in a single one-sentence paragraph in its answer, was plainly inconsistent with the statutory requirement that "[s]eparate causes of action or defenses . . . be separately stated and numbered" (CPLR 3014). This manner of pleading failed to give opposing parties the requisite notice that the statute of limitations defense was actually in play in the litigation. I therefore agree with the majority that, upon remand, Pace should have an opportunity to replead the statute of limitations in the form prescribed by CPLR 3014 and, thereafter, the parties should have an opportunity to conduct discovery on that defense.

Notwithstanding my concurrence in the result the majority reaches, I cannot join the majority's writing, because I disagree

with its call for the Court of Appeals to "revisit" the question—one not heretofore thought worthy of substantial debate by either legal scholars or the appellate courts of this state—of "whether a conclusory [pleading of the] statute of limitations defense is adequate in all cases." Notwithstanding that the Court of Appeals expressly held more than 30 years ago that the CPLR does *not* require the pleading of the statute of limitations to specify "the statutory section relied on or . . . the applicable period of limitations" (*Immediate v St. John's Queens Hosp.*, 48 NY2d 671, 673 [1979]), the majority suggests a new requirement that an answer pleading the statute of limitations specify the applicable limitation period. The majority bases this suggestion on Official Form 17 promulgated pursuant to CPLR 107 (reproduced at 1B Joseph L. Marino, West's McKinney's Forms Civil Practice Law and Rules § 4:231 at 91-93 [2011], and at Siegel, NY Prac § 228 at 390 [5th ed 2011]), an illustration of an answer that, while specifying a particular limitation period, contains no other particulars about the defense.[1]

The majority expresses a concern that "courts and the bar are left to guess whether *Immediate* is universally applicable, or whether courts should decide which of [the] two standards [*Immediate* or Official Form 17] applies to a case given its circumstances." However, any appearance of a conflict between *Immediate* and Official Form 17—and I see none—is completely illusory. As the majority itself acknowledges, "Official Form 17 establishes a ceiling, not a floor," for proper pleading. While CPLR 107 provides that pleadings conforming to "[f]orms adopted pursuant to this section *shall be sufficient*" (emphasis added), that does not mean that pleadings providing somewhat less information than those in the forms necessarily fall short of what the CPLR requires. In the case of the statute of limitations, *Immediate* establishes that Official Form 17 provides more information than is necessary.

I fail to see what problem the majority believes would be solved by requiring defendants to specify a period of limitation in pleading a statute of limitations defense. The specification of the applicable limitation period is a legal conclusion that conveys no factual information about the case, and therefore

---

1. The paragraph of Official Form 17 pleading the statute of limitations states in its entirety: "The cause of action set forth in the complaint did not accrue within six years next before the commencement of this action."

does not help the plaintiff in framing discovery requests. Further, contrary to the majority's assertion, neither does the pleading of a particular limitation period tell the plaintiff the date from which the limitation period began to run, or how to ascertain that date. More fundamentally, to require the defendant to plead the length of the applicable limitation period, like the identification of the statute providing that limitation period, is to require the defendant to advise the plaintiff on the law applicable to the plaintiff's own cause of action. Why plaintiffs should be entitled to look to their adversaries for such advice is a question the majority does not answer. In my view—and, more importantly, in the view of the Court of Appeals as expressed in *Immediate*—it should suffice for the defendant, through the answer, to give the plaintiff fair notice that the statute of limitations will be a live issue in the case. Each side can then do its own research, and reach its own conclusions, on which limitation period applies, and the time from which it runs, and proceed to factual discovery relevant to this issue.[2]

Although the majority denies that it is "suggesting that defendants be required to plead 'factual particulars' aside from the period of limitations upon which a statute of limitations defense is based," at certain points in its writing the majority appears to advocate just that. For example, the majority states that "it is not enough that a defendant's pleading give plaintiff notice of the transaction or occurrence at issue; it must also be sufficient so as to give a plaintiff notice of the 'material elements' of the defense." Why such notice is needed in the case of a statute of limitations defense is not clear to me. The defense of the statute of limitations necessarily refers back to the causes of action framed by the complaint (the statute or statutes of limitations applicable to which should already be known to counsel who drafted the complaint) and to the very same "transactions, occurrences, or series of transactions or oc-

---

**2.** Because this is true regardless of the number of causes of action asserted by the plaintiff, I fail to understand why the majority places such emphasis on the possibility that different limitation periods may apply to different causes of action in the same case. It is the plaintiff, not the defendant, who has put those claims, and the facts underlying them, at issue in the first place, and, so far as I know, it is not the defendant's job to advise the plaintiff which statute of limitations applies to which of the plaintiff's own claims. Further, where it is possible that different claims accrued at different times, discovery on the different times of accrual, as on other issues, may proceed simultaneously.

currences" (CPLR 3013) alleged in the complaint in support of those causes of action. Thus, the pleading of the statute of limitations defense—to which no responsive pleading is required—need not be accompanied by factual particulars to give the court or the other parties notice of the matters at issue; in every case, such notice will already have been given by the complaint.

In this case, the complaint identifies "the transactions, occurrences, or series of transactions or occurrences" (CPLR 3013) underlying the causes of action for negligence and breach of contract against Pace as (1) Pace's work as a plumbing contractor in the construction of plaintiff's building at 557 Broadway in Manhattan and (2) the flood that occurred in that building on June 1, 2006, allegedly as a result of the failure of a pipe coupling installed by Pace. A simple, forthright assertion of the statute of limitations defense in Pace's answer (which I agree Pace failed to make), without any additional factual detail, would have given plaintiff fair notice that a key issue in the action would be the determination of the time as of which its causes of action against Pace accrued and the limitation period began to run. As the Court of Appeals has plainly held (and as any lawyer could determine through a minimal amount of research), that time was the date on which Pace completed its work in the construction of the building (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535 [1995]). The determination of that date would then be an evidentiary issue to be determined through bills of particulars, discovery and, ultimately, summary judgment motion practice or trial, not through the pleadings. As the late Professor David D. Siegel observed, the disclosure devices of the CPLR "enable the parties to probe their adversaries' positions more incisively than pleadings ever could" (Siegel, NY Prac § 207 at 356 [5th ed 2011]).

As should be evident from the foregoing, had Pace's answer plainly asserted (in a separately numbered paragraph, as required by CPLR 3014) that the claims against it were barred by the statute of limitations, the embellishment of that paragraph with additional factual detail would not have given plaintiff notice of any new matter it needed to know before proceeding with the litigation.[3] And, in fact, *Immediate* establishes that such superfluous factual particularity is *not*

---

3. Again, at the risk of repeating the obvious, the facts relevant to the defense would be ascertainable through discovery. Further, plaintiff was not

required for pleading the statute of limitations. The record of *Immediate* shows that the defendant stated in support of its second affirmative defense nothing more than the following: "That the plaintiff's cause of action is barred by the Statute of Limitations." Nonetheless, the Court of Appeals rejected the plaintiff's contention that the statute of limitations defense had not been sufficiently pleaded, explaining: "It was sufficient under CPLR 3013 that respondent pleaded the 'statute of limitations' as a defense; it was not required to identify the statutory section relied on or to specify the applicable period of limitations" (48 NY2d at 673).

The Court of Appeals' 35-year-old holding in *Immediate*—that all a defendant need say in its answer to preserve the statute of limitations defense is to plead, like the *Immediate* defendant, that the plaintiff's claim "is barred by the statute of limitations," without setting forth any factual particulars or identifying either the governing statute or the applicable limitation period—has been followed consistently by this Court and by the other two departments of the Appellate Division that have had occasion to consider the requirements for pleading this defense (save, as the majority notes, for one deviating, and now implicitly overruled, 25-year-old precedent in the Second Department). This Court faced the issue most recently in *Cadlerock, L.L.C. v Renner* (72 AD3d 454 [1st Dept 2010]), where, as revealed by the record, the defendant's answer said nothing more than the following about the statute of limitations defense: "This action is time-barred by the applicable Statute of Limitations." Citing *Immediate*, we held that this undeniably conclusory sentence "sufficiently pleaded [the] statute of limitations affirmative defense" (72 AD3d at 454).

Thirty years before *Cadlerock*, we reached exactly the same conclusion in *Montes v Manufacturers Hanover Trust Co.* (78 AD2d 786 [1st Dept 1980]), where, as revealed by the record, the answer pleaded the statute of limitations with this single, factually unadorned sentence: "The cause of action alleged in the complaint herein is time barred by the statute of limitations." Holding that this pleading was sufficient, we reversed an order dismissing the defense of the statute of limitations, explaining: "In pleading an affirmative defense based upon the Statute of Limitations, it is unnecessary for defendant

---

entitled to rely on Pace's answer to direct its attention to the applicable statute of limitations or the criteria for determining when the limitation period began to run.

Manufacturers to identify the statutory sections relied upon or to specify the applicable period of limitations (*Immediate v St. John's Queens Hosp.*, 48 NY2d 671, 673). Therefore, its affirmative defense is properly pleaded" (78 AD2d at 786).

The Second and Third Departments have also followed *Immediate* in holding sufficient unparticularized and conclusory pleadings of the statute of limitations defense. In *Youssef v Triborough Bridge & Tunnel Auth.* (24 AD3d 661 [2d Dept 2005]), the paragraph of the defendant's answer asserting the statute of limitations, besides omitting any factual detail, actually cited the wrong statutory provision. Nonetheless, the Second Department held that the defense had been adequately pleaded and, reversing Supreme Court, granted the defendant's motion to dismiss the complaint as time-barred. The *Youssef* court explained:

> "We agree with the Authority that it did not waive the statute of limitations defense despite the fact that it didn't plead the correct statutory provision. The mere statement 'statute of limitations' was sufficient to raise the defense since a defendant is not required to identify the statutory provision or specify the period of limitations" (*id.* at 661, citing *Immediate*).

Further, the Second Department rejected the *Youssef* plaintiffs' claim that they had been prejudiced by the answer's citation of the wrong statute because "the pleaded defense sufficiently provided them with notice of the matters intended to be proved" (*id.* at 662)—despite the absence of any factual allegations from the paragraph of the answer that asserted the defense.[4]

The Third Department followed *Immediate* in *DeSanctis v Laudeman* (169 AD2d 1026 [3d Dept 1991]), where the defendant pleaded the statute of limitations defense as follows: "That

---

4. As revealed by the record on which *Youssef* was decided, the answer in that case pleaded the statute of limitations defense as follows: "That plaintiff(s) have failed to commence this action within the statute of limitations provided by § 1212 (2) of the Public Authorities Law. Accordingly, the complaint herein should be dismissed as the action is time barred." As noted by the majority, in a 1990 case, the Second Department had, without taking notice of *Immediate*, and relying on pre-*Immediate* authority, dismissed a statute of limitations defense for the answer's "fail[ure] to set forth the prescribed period or periods of limitation" (*Propoco, Inc. v Birnbaum*, 157 AD2d 774, 776 [2d Dept 1990], *abrogated on other grounds by Butler v Catinella*, 58 AD3d 145 [2d Dept 2008]). Even in *Propoco*, however, the Second Department did not suggest that a statute of limitations defense should be pleaded with factual particularity.

the Cause of Action set forth in plaintiff's complaint, is barred by plaintiff's failure to commence this action within the Statute of Limitations as prescribed in the CPLR." The plaintiff, who was suing as the executor of a decedent's estate, argued that the answer's incorrect reference to the CPLR, rather than the EPTL, as the source of the applicable limitation period rendered the assertion of the defense a "nullity" and resulted in its waiver. The Third Department rejected this argument, noting, with a citation to *Immediate*, that "[t]he Court of Appeals has ruled that a simple statement of 'statute of limitations' as a defense is sufficient to raise and preserve it" (169 AD2d at 1026). Accordingly, the *DeSanctis* court held that "the [statute of limitations] issue was properly preserved by defendant" (*id.* at 1027).

As the majority recognizes, scholarly works on New York procedure have recognized that *Immediate* establishes that the requirements for the pleading of a statute of limitations defense are minimal and do not include factual detail. In his above-cited treatise on New York civil practice, Professor Siegel wrote: "The Court of Appeals has held that the phrase 'statute of limitations' is a sufficient pleading of that defense" (Siegel, New York Prac § 223 at 383 [5th ed 2011], citing *Immediate*). Similarly, the Practice Commentaries to the CPLR note that, under *Immediate*, a "terse statement of 'statute of limitations' is sufficient to raise and preserve a timeliness defense," and the particulars relevant to the defense "can be adequately probed in a bill of particulars or through the disclosure devices" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:19). A leading litigation form book advises the bar that, "[a]s a general rule, in pleading an affirmative defense, one should specifically identify the affirmative defense (e.g., *statute of limitations* or absence of personal jurisdiction or absence of rem jurisdiction), *but not the basis for the defense*" (1B Joseph L. Marino, West's McKinney's Forms Civil Practice Law & Rules § 4:229 at 82 [2011] [emphasis added]), lest the specification of certain bases for the defense be found to have waived unspecified alternatives.

In suggesting that the "conclusory" pleading of the statute of limitations, as approved by the Court of Appeals in *Immediate*, might sometimes result in "a plaintiff . . . [being] prejudiced," the majority concedes that it has been unable to locate any support in case law or scholarly commentary for its view that

the Court of Appeals should reexamine the *Immediate* holding. Instead of taking this absence of support as an indication that the bench, bar and scholarly community are united in seeing no problem needing to be solved by the imposition of a new pleading requirement, the majority dismisses past discussions of this issue as "hav[ing] accorded it scant analysis." As for *Immediate*, the majority appears to seek to diminish its precedential effect with the remark that "[t]he *Immediate* Court did not explain its rationale or cite any authority" for its holding on the pleading issue, and professes to "perceive a lack of clarity [under existing law] concerning whether a conclusory [pleading of a] statute of limitations defense is adequate in all cases."[5] The majority proceeds to posit hypothetical cases distinguishable from *Immediate*—for example, where the time from which the limitation periods begins to run may not be discernable from the face of the complaint—and constructs an argument that a conclusory pleading of the statute of limitations in such cases, without specification of the applicable limitation period, might somehow "prejudice" the plaintiff by "fail[ing] to provide [the] plaintiff adequate notice under CPLR 3013." I fail to see any such potential for "prejudice."

The majority argues that in this case, purportedly unlike *Immediate*, the date of the action's accrual cannot be determined from the complaint, and suggests that this means that, here, a conclusory pleading of the statute of limitations will not give the plaintiff notice of the "material elements" of the defense. This overlooks that the material elements of a statute of limitations defense are the same in every case—that a period of time exceeding the applicable limitation period elapsed between the date on which the claim accrued and the date on which the action was commenced. Since the causes of action have been framed by the plaintiff, the plaintiff does not require advice from the defendant concerning the applicable statute of limitations or the criteria for determining the date of accrual.

---

5. The majority, while insisting that we can only "speculat[e]" about the unstated reasoning of *Immediate*, inconsistently attributes to the body that promulgated Official Form 17 the judgment (entirely unexpressed) that the pleading of the statute of limitations defense should include a statement of the applicable limitation period. In fact, the promulgation of Official Form 17 expresses no such judgment, since the forms promulgated pursuant to CPLR 107 are only illustrative of pleadings that "shall be sufficient," which does not logically imply that pleadings containing less information are necessarily insufficient. Thus, I repeat that Official Form 17 and *Immediate* are *not* in conflict.

Further, the remedy the majority suggests—requiring the defendant to plead the limitation period, or periods, on which the defense relies—will not give the plaintiff the information that is the subject of the majority's concern. To reiterate, reciting the applicable limitation period—which, as the majority concedes, is the most that could be required consistent with Official Form 17—would not tell the plaintiff anything about the date from which that period is measured other than that the defendant believes that a period of time longer than the limitation period has elapsed since that date. Nor would pleading of the limitation period inform the plaintiff of the criteria for determining the time at which the cause of action accrued. Again, I see no reason why a plaintiff should be entitled to rely on the defense for advice about legal principles governing the case that should be ascertained through preparatory research before the plaintiff's lawyer even begins to draft the complaint.

While it is of course true that in certain cases, as here, the complaint will not set forth the particular date on which the claim accrued, I fail to see what problem the majority believes would be solved by putting the onus on the defendant to plead a particular limitation period in its answer. Plainly, the plaintiff will not suffer any prejudice from the omission of this legal conclusion from the answer. In particular, I do not follow the majority's reasoning when it expresses the worry that a plaintiff may not know how to "tailor discovery" in response to a statute of limitations defense pleaded in conclusory fashion. As previously discussed, the statement of a limitation period does not furnish the plaintiff with any factual information useful for "tailor[ing] discovery." Moreover, the complaint will in every case, and with respect to every separately pleaded cause of action, identify the "transactions, occurrences, or series of transactions or occurrences" (CPLR 3013) on which the claim is based, so there is no need for the answer to provide additional factual detail in support of a statute of limitations defense for the parties to proceed to discovery on that issue. Where the date from which the limitation period ran cannot be determined from the face of the complaint, the parties will know from the complaint—in every case, and regardless of how many causes of action are asserted—which "transactions, occurrences, or series of transactions or occurrences" require exploration and development, through bills of particulars and the CPLR's familiar discovery devices, to flesh out the facts relevant to the statute of limitations defense, along with the facts relevant to

all of the other issues in the litigation.[6] To expect litigants to proceed in this routine manner with respect to the statute of limitations defense—which is clearly the teaching of *Immediate*—is hardly unfair to plaintiffs, contrary to the majority's concern.

The majority posits the case of a hypothetical plaintiff who "conduct[s] discovery with one period of limitations in mind," only to learn subsequently that the defense had a different limitation period (the correct one) in mind. In this situation, it would hardly be the fault of the defense that the plaintiff, having been given fair notice that the statute of limitations defense was in play, had litigated the case assuming the applicability of the wrong statute of limitations to its own cause of action. The same applies to a mistake as to the legal criteria for determining the time of the action's accrual (which mistake, as previously noted, would not necessarily be corrected by identification of the correct limitation period).[7]

In sum, the new pleading requirement suggested by the majority is a solution in search of a problem or, stated otherwise, an answer to a question that has already been definitively answered by the Court of Appeals. While the majority laments the "obscurity" that it believes to exist as to the standard for pleading the statute of limitations in the absence of "clarification" by the Court of Appeals, the only "obscurity" surrounding this issue has been created by the majority itself through its suggestion of a supposed conflict between Official Form 17, on the one hand, and, on the other hand, *Immediate* and its progeny. As previously discussed, no such conflict exists. Further,

---

**6.** In this case, for example, had the answer contained a simple statement in a separately numbered paragraph that the claims against Pace were barred by the statute of limitations, plaintiff's counsel would have had fair notice that the date on which Pace completed its work in the building (from which the limitation period ran) would be an issue in the action. Again, there is no reason to require Pace, through its answer, to give plaintiff advice on such easily answered legal questions as the limitation period applicable to plaintiff's own claims or the criteria for determining the time from which the limitation period ran. While plaintiff legitimately complains of Pace's defective pleading of the statute of limitations as one item on a catchall laundry list, it is not Pace's fault that, as the majority notes, plaintiff apparently assumed the applicability to its claim of the wrong limitation period and the wrong time of accrual.

**7.** While the majority correctly points out that it is "the defendant's burden to plead and prove" a statute of limitations defense, I also note that it is the plaintiff who "bears the burden of proving those facts which will support the application of one of the rules tolling or barring the statute of limitations" (1B NY PJI3d 2:149 at 40 [2015]).

the majority's discussion of the perceived need to "harmonize" *Immediate* with Official Form 17 is irrelevant to the disposition of this appeal, in which we all agree that, although the pleading of the statute of limitations was defective because it was not "separately stated and numbered" as required by CPLR 3014, the case should be remanded for further proceedings, including factual discovery, on the merits of that defense. Moreover, while the majority denies that it intends to change existing law as established by *Immediate*, its decision will inevitably lead to the proliferation of motion practice and appeals on the issue of the sufficiency of the pleading of the statute of limitations defense. In the face of the majority's call for the Court of Appeals to "revisit" *Immediate*, counsel for plaintiffs may be expected routinely to move to strike the statute of limitations defense, not only for failure to plead a period of limitation, but also for arguably pleading the wrong period, in the hope of preserving the issue for the reconsideration of the Court of Appeals to which the majority looks forward. I fail to see how this development will enhance either the efficiency or the fairness of our civil justice system. Accordingly, I concur in the majority's result only, and respectfully decline to join in the majority's writing.

Saxe and Manzanet-Daniels, JJ., concur with Acosta, J.; Friedman, J.P., concurs in a separate opinion in which Sweeny, J., concurs.

Judgment, Supreme Court, New York County, entered October 23, 2013, reversed, on the law, without costs, the complaint reinstated, and the matter remanded for further proceedings in accordance with this decision. Appeal from the order, same court and Justice, entered August 14, 2013, dismissed, without costs, as subsumed in the appeal from the judgment.