Thanasoulis v Shapiro (2023 NY Slip Op 51304(U))

[*1]

Thanasoulis v Shapiro

2023 NY Slip Op 51304(U)

Decided on November 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570024/23
Leila Thanasoulis, Petitioner-Respondent, 
against
Nicole Shapiro, Respondent-Appellant, -and- "John Doe and/or Jane Doe", Undertenants-Respondents.

Respondent Nicole Shapiro appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered September 7, 2022, after a nonjury trial, awarding possession to petitioner in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered September 7, 2022, reversed, without costs and a new trial ordered.
Landlord commenced this licensee holdover proceeding alleging that respondent Nicole Shapiro remained in possession of the subject rent controlled apartment after the tenant of record died and the Administrator of his estate (tenant's brother) surrendered possession to landlord. As relevant to this appeal, respondent's amended answer alleged that she was the sole heir to the record tenant's estate pursuant to a Last Will and Testament.
At trial, the court noted that respondent appeared to be raising a succession defense on the basis that she was the record tenant's spouse, which the court deemed to be waived as unpleaded in her answer. Despite this ruling, and over landlord's objection, the court allowed respondent to present testimonial and documentary evidence in support of a claimed traditional and non-traditional family member succession defense, i.e., that she lived with tenant for many years in a close personal relationship, and that they entered into a Ketubah, a document executed as part of a religious ceremony. After trial, the court determined that it was precluded from adjudicating the merits of the unpleaded succession defense and awarded final judgment of possession to the landlord.
In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts (see CPLR 5501; Northern Westchester Professional Park Assoc. v. Town of Bedford, 60 NY 492, 499 [1983]). However, not every case lends itself to this procedure.
While the trial court correctly noted that respondent did not raise the succession defense in her answer (see CPLR 3018[b]), thereby hindering landlord from preparing its case and seeking discovery on the issue, testimony was allowed on the succession issue and we are now presented with a record that "paints a picture of a couple who exhibited many of the behaviors associated with a traditional marriage" (Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160, 163 [2018]). In these particular circumstances, to "treat[] the [succession] defense as waived, as we might otherwise do, would be an excessively severe result" (Scholastic Inc. v Pace Plumbing Corp.,129 AD3d 75, 81 [2015][internal quotation marks and citations omitted]). Instead, we find that the interest of justice would best be served by a new trial (see Pordy v Scot Serv. Co., 15 AD2d 911 [1962]; Power v Falk, 15 AD2d 216 [1961]). The prejudice to landlord can be cured by allowing respondent to amend her answer (CPLR 3025[b]), then allowing landlord to conduct discovery on the succession claim.
In remanding the matter for a new trial, we express no view as to the ultimate success of any succession claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 30, 2023