2070 LLC v Cuesta (2025 NY Slip Op 51894(U))

[*1]

2070 LLC v Cuesta

2025 NY Slip Op 51894(U)

Decided on December 2, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570884/25

2070 LLC, Petitioner-Landlord-Appellant,
against
Felix Pozo Cuesta d/b/a My Cleaners & Laundry LLC, Respondent-Tenant-Respondent,

Landlord appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Eliezer Rodriguez, J.), entered on or about July 30, 2025, after a nonjury trial, in favor of tenant dismissing the petition in a nonpayment summary proceeding.

Per Curiam.
Final judgment (Eliezer Rodriguez, J.), entered on or about July 30, 2025, reversed, with $30 costs, and a new trial ordered.
Landlord commenced this commercial nonpayment proceeding against tenant, Felix Pozo Cuesta d/b/a My Cleaners & Laundry, LLC, alleging that tenant owes $34,500.00 in rent arrears. Tenant filed a pro se answer asserting only a general denial. At trial, tenant, now represented by counsel, asserted that he was constructively evicted from the premises. Tenant testified that he signed the 10-year commercial lease agreement and was given keys to the premises, but a few days later, landlord's superintendent told him that he had to return the keys because the main pipeline in the store had to be fixed. According to tenant, he did not get the keys back until 11 months later, during which period he was unable to enter the store or conduct any business therein. 
After trial, the court awarded judgment in tenant's favor, finding that tenant did not have access to the premises for 11 months and was effectively constructively evicted during that period. Landlord appeals, arguing, among other things, that it was unfairly surprised and prejudiced by the consideration of the unpleaded defense of constructive eviction. We agree, and therefore reverse and remand for a new trial.
Tenant's claim of constructive eviction should have been pleaded as an affirmative defense because it raises issues of fact not appearing on the face of the petition (see CPLR 3018 [b]; Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp., 189 AD3d 496, 497-498 [2020] ["Defendants' arguments for constructive and partial actual eviction were never raised in their answer or posed as a counterclaim, and the court properly declined to consider them"]). Nevertheless, we are now presented with a trial record indicating that landlord kept tenant out of possession for 11 months. In these particular circumstances, treating the constructive eviction "defense as waived, as we might otherwise do, would be an excessively severe result" (Scholastic [*2]Inc. v Pace Plumbing Corp., 129 AD3d 75, 81 [2015]). Instead, we find that the interest of justice would be served by deeming the answer amended to assert a constructive eviction defense and remanding the matter for a new trial (see Scholastic Inc. v Pace Plumbing Corp., supra; Thanasoulis v Shapiro, 81 Misc 3d 132[A], 2023 NY Slip Op 51304[U] [App Term, 1st Dept 2023]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 2, 2025