ARLENE K. GILBERT, Plaintiff, v LEWIS L. DEAN et al., Defendants, SUSAN H. RICHARDS, Respondent, and KEESEVILLE NATIONAL BANK, Appellant.

Third Department, December 5, 1985

### APPEARANCES OF COUNSEL

*Bernard, Overton & Russell (Jack A. Overton, Jr.,* of counsel), for appellant.

*Gerard R. Gemmette* for respondent.

### OPINION OF THE COURT

WEISS, J.

In August 1982, plaintiff commenced this action to foreclose a first mortgage given by defendants Lewis L. Dean and Susan H. Richards upon real property in Essex County. Defendant Keeseville National Bank (Bank) was the holder of two promissory notes, both dated December 2, 1981, made by Dean and Richards, which notes were secured by second and third

mortgages upon the same premises. At the foreclosure sale held August 8, 1983, the Bank bid on the premises for the sum of $70,708 and received a deed. Previously, in its September 7, 1982 answer in the foreclosure action, the Bank initially had interposed cross claims against Dean and Richards seeking foreclosure of its second and third mortgages. Instead of foreclosure of its second and third mortgages,[1] however, the bank was subsequently authorized to amend its answer by demanding recovery upon the two promissory notes and upon a security agreement on personal property contained in the premises. In her answer to the amended cross claims, Richards alleged, as an affirmative defense, that the Bank's acquisition of the fee at the time it owned the second and third mortgages on the same premises constituted a satisfaction of both the mortgages and the underlying promissory notes described in the cross claims set forth in the amended answer.[2] The Bank moved to strike Richards' answer and for summary judgment on its cross claims. Special Term denied the motion, and this appeal ensued.

Both Special Term and Richards rely principally upon *Central Hanover Bank & Trust Co. v Roslyn Estates* (266 App Div 244, *affd* 293 NY 680) to establish that the underlying indebtedness evidenced by Richards' notes (and secured by the second and third mortgages held by the Bank) had been extinguished to the extent of the fair market value of the foreclosed property and, since the Bank failed to present evidence as to actual value, it was not entitled to summary judgment. In *Central Hanover,* which was an action upon a bond and foreclosure of an accompanying mortgage, the mortgagor sold the premises to purchasers, who subsequently defaulted. During the pendency of the ensuing mortgage foreclosure action, said purchasers executed and delivered their deed conveying the property to the plaintiff mortgagee with a provision in the deed that the mortgage would survive. Significantly, the mortgagee obtained title for only a nominal consideration. The plaintiff then sought further recovery by suing on the mortgage note against the original mortgagor. The Second Department held that in order to prevent double recovery, the original mortgagor was entitled to a credit for the value of the property deeded to the plaintiff mortgagee.

---

1. The combined principal due on these two mortgages at the time of foreclosure was approximately $160,000.

2. The Bank sought relief solely against Richards because Dean had filed a petition for relief under Bankruptcy Act (11 USC) chapter 7.

The court said: "It is a well-settled principle that where the mortgagee acquires the fee or equity of redemption by conveyance from the mortgagor *or a subsequent owner,* it constitutes a satisfaction of the mortgage and also of the bond accompanying it if the property, at the time of the conveyance, is equal in value to the debt for which it was mortgaged. If it be of less value than the debt, it is payment *pro tanto" (supra,* at pp 248-249; emphasis in original). The underlying policy is similar to that found in RPAPL 1371 (2), which essentially requires the fair market value of property sold at a foreclosure sale to be determined and credited when computing the amount of a deficiency judgment against the debtors.

The instant case is distinguishable since the Bank did not foreclose its mortgages and seek a deficiency judgment. Unlike the *Central Hanover* mortgagee, the Bank did not receive fee title for a nominal consideration. The Bank's mortgages were junior to the first mortgage and were extinguished by the foreclosure of that senior mortgage *(see,* RPAPL 1311 [3]; *Sautter v Frick,* 229 App Div 345, 347, *affd* 256 NY 535). However, the debt owed upon the mortgage note was not affected by foreclosure of the prior mortgage *(Weisel v Hagdahl Realty Co.,* 241 App Div 314, 317; *Sautter v Frick, supra,* p 347). It is clear that the debt owed to the Bank was not discharged by the events which occurred, for had the Bank not purchased the property at the foreclosure sale by the first mortgagee, it certainly could have brought suit on the note to recover the money loaned by it to Dean and Richards.

The requirement of according the mortgagor credit for the fair market value of the property foreclosed is limited to instances in which the foreclosing mortgagee seeks recovery of a deficiency judgment (RPAPL 1371 [2]; *see, Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415; *Weisel v Hagdahl Realty Co., supra,* p 317). Here, the junior mortgagee had sued separately on its underlying notes after its mortgage lien has been extinguished. Such a lienholder is free to purchase the title to premises formerly mortgaged without impairment or lessening of rights under the note or bond evidencing the indebtedness *(McRae v Hummel,* 250 App Div 873; *Realty Assoc. Sec. Corp. v Hoblin,* 247 App Div 904).

The order should be reversed, and summary judgment granted to the Bank.

KANE, J. P., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, without costs, motion granted and summary judgment awarded to defendant Keeseville National Bank on its cross claims against defendant Susan H. Richards.