■ CADLEROCK, L.L.C., Appellant, v JAN Z. RENNER, Respondent. [898 NYS2d 127]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 3, 2009, which denied plaintiff's motion for summary judgment on its claim for recovery on a promissory note, unanimously affirmed, with costs.

Defendant sufficiently pleaded his statute of limitations affirmative defense (see Immediate v St. John's Queens Hosp., 48 NY2d 671, 673 [1979]). Contrary to plaintiff's contention, the promissory note, which required defendant to pay principal and interest payments monthly for 20 years, after which the loan would have self-liquidated, was an installment contract (see Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 141-142 [1993]), and, since the debt was not accelerated while defendant was making the monthly payments, the applicable six-year statute of limitations (CPLR 213 [2]) began to run on the date on which each installment became due and payable (see Phoenix Acquisition Corp. at 141). Thus, the statute of limitations bars plaintiff from seeking to recover the amount of the installment payments, including any interest, that defendant defaulted on before April 18, 2002, when this action was commenced (see id.; Sce v Ach, 56 AD3d 457, 458-459 [2008]).

The defense of laches is unavailable in this action at law commenced within the period of limitations (see Matter of American Druggists' Ins. Co., 15 AD3d 268 [2005], lv dismissed 5 NY3d 746 [2005]; Kahn v New York Times Co., 122 AD2d 655, 663 [1986]). However, we conclude that a triable issue of fact exists whether plaintiff's claims are barred by the doctrine of equitable estoppel, i.e., whether defendant justifiably relied on the nine years of inaction by plaintiff and its predecessors-in-interest to reasonably conclude that his monthly payments were sufficient to satisfy his payment obligations under the note, and therefore was misled into paying a reduced amount for years without realizing that interest was accruing at the 14% interest rate (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107 [2006]; Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443, 448 [1958]). Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.