U.S. Bank N.A. v Atia (2019 NY Slip Op 08727)





U.S. Bank N.A. v Atia


2019 NY Slip Op 08727


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09924
 (Index No. 54492/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Calanit Atia, respondent, et al., defendants.


Sandelands Eyet LLP, New York, NY (William C. Sandelands and Kathleen Cavanaugh of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Mineola, NY (Stuart S. Zisholtz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated August 1, 2017. The order, insofar as appealed from, granted the defendant Calanit Atia's cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Calanit Atia which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred to the extent that the complaint relates to unpaid mortgage installments which accrued on or after April 7, 2010, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.
On February 8, 2005, the defendant Calanit Atia (hereinafter the defendant) executed a note in the amount of $1,357,000 in favor of Countrywide Home Loans, Inc., which was secured by a mortgage on residential property located in New Rochelle. On July 1, 2008, the defendant allegedly defaulted under the terms of the loan. By letter dated August 18, 2008, Countrywide Home Loans Servicing, L.P., the servicer of the loan, gave the defendant notice that she was in default and informed her that if she failed to cure her default by September 22, 2008, "the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."
On or about May 26, 2010, the plaintiff's predecessor-in-interest commenced an action against the defendant to foreclose the mortgage (hereinafter the prior action). The prior action was dismissed, without prejudice, upon the plaintiff's failure to move for a judgment of foreclosure and sale by several court-imposed deadlines.
Thereafter, on April 7, 2016, the plaintiff, as assignee, commenced the instant action to foreclose the mortgage. The defendant answered and asserted, as an affirmative defense, that the complaint was time-barred. By notice of motion dated March 10, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant cross-moved for summary judgment [*2]dismissing the complaint insofar as asserted against her as time-barred. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from so much of the order as granted the defendant's cross motion.
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; MLB Sub I, LLC v Grimes, 170 AD3d 992; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986 [internal quotation marks omitted]; see MLB Sub I, LLC v Grimes, 170 AD3d 992; U.S. Bank N.A. v Sopp, 170 AD3d 776; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659).
Here, the defendant failed to meet her prima facie burden of establishing that the time within which to commence the instant action had expired. Contrary to the defendant's contention, the August 18, 2008, default letter did not constitute an acceleration of the debt, as the letter "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v. Adames, 153 AD3d 474, 475; see U.S. Bank N.A. v Greenberg, 168 AD3d 893; FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1307-1308; Milone v US Bank N.A., 164 AD3d at 152; DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945). Rather, the debt was accelerated on or about May 26, 2010, by the filing of the summons and complaint in the prior action (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Clayton Natl., Inc. v. Guldi, 307 AD2d 982). As such, the instant action, commenced on April 7, 2016, within six years of the acceleration, was timely. Since the defendant failed to meet her initial burden demonstrating that the action was untimely, the Supreme Court should have denied the defendant's cross motion, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Nevertheless, where, as here, the mortgage was payable in installments, there are "separate causes of action for each installment accrued, and the Statute of Limitations [begins] to run, on the date each installment [becomes] due" (Pagano v Smith, 201 AD2d 632, 633; see Ditech Fin., LLC v Reiss, 175 AD3d 618, 620). Therefore, because the plaintiff alleged that the defendant made her last payment in June 2008 and this action was not commenced until April 7, 2016, the defendant established that any unpaid installments of the mortgage which accrued before the six-year period prior to the commencement of this mortgage foreclosure action, to wit, unpaid installments from July 2008 through May 26, 2010, are time-barred (see Ditech Fin., LLC v Reiss, 175 AD3d at 620; Khoury v Alger, 174 AD2d 918, 919). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court