Cannell v Grail Partners, LLC (2020 NY Slip Op 00973)





Cannell v Grail Partners, LLC


2020 NY Slip Op 00973


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Kapnick, J.P., Mazzarelli, Gesmer, Moulton, JJ.


652735/18 10439A 10439

[*1] J. Carlo Cannell, et al., Plaintiffs-Respondents,
v
Grail Partners, LLC, Defendant-Appellant.


Aguilar Bentley LLC, New York (Ryan Weiner of counsel), for appellant.
Law Offices of Carole R. Bernstein, New York (Carole R. Bernstein of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered October 1, 2018, awarding plaintiffs damages, and bringing up for review an order, same court and Justice, entered September 25, 2018, which granted plaintiffs' motion for summary judgment in lieu of complaint, unanimously reversed, on the law, without costs, the judgment vacated, plaintiffs' motion for summary judgment denied as to the payments due before June 1, 2012, and the matter remanded for a determination of the principal and interest due plaintiffs on the notes due on or after June 1, 2012. Appeal from the foregoing order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
On December 31, 2008, defendant Grail Partners, LLC issued separate notes payable to each of the three plaintiffs. The "Payment Terms" of the notes were identical. Each note required the payment of principal in ten equal semiannual installments on June 30th and December 31st of each year, commencing June 30, 2009 and ending on December 31, 2013. Each note provided for interest at 8% per year "payable in arrears with each installment of principal hereunder." Each note contained an acceleration clause that provided that, "in case of the happening and during the continuance" of any of the specified "Events of Default," the payee "may, by notice to [Grail Partners, LLC], declare this Subordinated Note and all interest hereon to be immediately due and payable."
Plaintiffs commenced this action for summary judgment in lieu of complaint on June 1, 2018. Plaintiffs did not pinpoint an exact date of default in their motion for summary judgment. In opposition, defendant claimed that the action was time-barred because the "cause of action accrued in 2011, when Grail Partners, LLC defaulted in performance of its payment obligations." In reply, plaintiffs claimed that the first date of default was on June 30, 2012. To support that default date, plaintiffs pointed to defendant's records which reflected that, until June 30, 2012, defendant made small and sporadic payments which were not made in accordance with the payment terms of the notes.
Supreme Court granted plaintiffs summary judgment, agreeing with their position that the first default occurred on June 30, 2012 and that the action was timely in its entirety. A judgment for the total amount of the three notes was entered on October 1, 2018.
On appeal, the position of both parties changed. Contrary to defendant's position before Supreme Court (that the first default occurred in 2011), defendant argues on appeal that causes of actions accrued when it defaulted in making the June 30th and December 31st semiannual payments in 2009, 2010, and 2011. Pointing to plaintiffs' Excel spreadsheets, demand letters, affidavit, and notices of default, defendant maintains that all installment payments due and unpaid prior to June 1, 2012 (six years prior to the commencement of the action) are time-barred. Plaintiffs' acceleration of the notes would not, according to defendant, reset the statute of limitations for those installment payments that were already in default.
On appeal, plaintiffs no longer claim, as they did before Supreme Court, that the first [*2]default occurred on June 30, 2012. Instead, they argue that defendant did not meet its burden to establish a statute of limitations defense because, as Supreme Court found, defendant failed to state an exact date of default and did not provide evidence in support of any date. Plaintiffs further argue that the action is not time-barred because the cause of action for breach of contract accrued and began to run on the date that the notes were accelerated on August 15, 2013.
Supreme Court erred in concluding that defendant's first default occurred on June 30, 2012. The record evidence establishes that defendant defaulted on every semi-annual payment of principal due prior to June 1, 2012 and on every interest payment (in whole or in part) other than the initial payment. Plaintiffs do not contend otherwise on appeal. Moreover, Supreme Court erred in concluding that the action was timely in its entirety.
The statute of limitations for breach of a promissory note payable in installments is six years (CPLR 213[2]; see Cadlerock, L.L.C. v Renner, 72 AD3d 454 [1st Dept 2010]). A default on a single installment payment does not trigger the running of the statute of limitations on the entire debt (see Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138 [1993]). Rather, "separate causes of action accrued as installments of the loan indebtedness became due and payable" (id. at 141). Installment payments that have accrued more than six years prior to commencement of the action are time-barred (see Cadlerock, L.L.C., 72 AD3d at 454).
Acceleration of the debt does not change this analysis. Acceleration causes those future installment payments that are not yet due and payable to become immediately due and payable. It enables a lender to advance the due date for the future installment payments and thus, the statute of limitations runs on the balance of the debt (see Phoenix Acquisition Corp., 81 NY2d at 142). It does not change the due date of those past due installment payments to that of the date of acceleration (see e.g. U.S. Bank N.A. v Atia, 2019 NY Slip Op 08727, *2 [2d Dept 2019] [action commenced within six years of the acceleration was timely but the unpaid installments which accrued before the six-year period prior to the commencement of the foreclosure action were time-barred]; but see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868 [2016]). Said differently, acceleration does not reset the limitations period for the earlier missed payments (see e.g. Pace Indus. Union-Mgt. Pension Fund v Singer, 2011 WL 841142, *3, 2011 US Dist LEXIS 22875, *11 [ED NY, Mar. 8, 2011]).
Accordingly, plaintiffs demonstrated, prima facie, that defendant breached each of the notes by submitting evidence of the duly executed notes and defendant's failure to make payments in accordance with their payment terms (see Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 254 [1st Dept 1989]). Defendant, however, demonstrated prima facie, that the unpaid installment payments due prior to June 1, 2012 were time-barred. Plaintiffs in turn, failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK