Secured Asset Management, LLC v. Cong. Beth Joseph Zwi Dushinsky

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**Secured Asset Management, LLC,**

      *Plaintiff-Appellee,*

    **v.**                                    **19-3568**

**Cong. Beth Joseph Zwi Dushinsky, as assignee of Congregation Beth Joseph Zwi Dushinsky, Eli Katz,**

      *Defendants-Appellants,*

**New York City Environmental Control Board,**

      *Defendant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption of this matter as above.

**FOR PLAINTIFF-APPELLEE:**   LEO V. LEVYA (Jed M. Weiss, *on the brief*), Cole Schotz P.C., New York, NY.

**FOR DEFENDANTS-APPELLANTS:**   PAUL H. ALOE, Kudman Trachten Aloe LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Secured Asset Management, LLC ("SAM") brought this action against Congregation Beth Joseph Zwi Dushinsky (the "Congregation") to foreclose on a property located at 135 Ross Street, Brooklyn, NY.  The district court granted summary judgment to SAM and ordered that a referee be appointed to compute the amount due and to conduct a foreclosure sale.  The Congregation now appeals.  For the reasons stated in this order, we affirm the judgment of the district court.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, the Congregation argues that SAM cannot foreclose because it did not provide a valid "notice to cure" as required by the mortgage agreement.  Under Paragraph 25 of the mortgage agreement, "the whole of the principal sum and interest secured hereby shall become due" upon "the default in the payment of any installment of principal or interest . . . *following notice to cure such default*."  App'x at 56 (emphasis added).  As relevant here, on June 22, 2017, SAM sent a notice demanding the entire accelerated principal of the mortgage plus interest and other charges.  The notice stated that the Congregation had "defaulted on [its] payment obligations . . . by failing to make payment of the full amounts due under the Mortgage beginning on December 1, 2009, and continuing to the date of this Notice."  The Congregation contends that this notice did not satisfy Paragraph 25 "because it made no reference whatsoever to an installment payment default."

2

The district court correctly rejected this argument. Nothing in Paragraph 25 requires the notice to cure to specify the payments on which the Congregation defaulted. On its face, the phrase "notice to cure such default" requires SAM to give the Congregation notice that it is in default and that it can still cure the default. *Cf. Carvel Corp. v. Diversified Mgmt. Grp., Inc.*, 930 F.2d 228, 233 (2d Cir. 1991) (holding that a creditor complied with the "notice and cure provisions" of a security agreement when it "gave [the debtor] explicit notice of its failure to make payments on the promissory notes"). Paragraph 25 does not require a notice to cure to list or to specify which payments are in default, and the Congregation offers no compelling reason why we should read such a requirement into the mortgage agreement. The Congregation's argument that the notice to cure was inadequate is particularly unpersuasive in light of the fact that it has defaulted on every single monthly payment since December 2009 and has been engaged in litigation over its nonpayment since 2010. We agree with the district court that SAM's notice to cure was valid.

Second, the Congregation argues that New York's six-year statute of limitations bars this foreclosure action because SAM's predecessor-in-interest accelerated the entire loan amount in 2010 and SAM did not file this lawsuit until 2017. *See* N.Y. C.P.L.R. § 213(4); *Cannell v. Grail Partners, LLC*, 118 N.Y.S.3d 593, 596 (App. Div. 2020) ("Acceleration causes those future installment payments that are not yet due and payable to become immediately due and payable . . . and thus, the statute of limitations runs on the balance of the debt."). But the Congregation successfully took the opposite position in previous state-court litigation, so the district court properly rejected this argument under the principle of judicial estoppel. *See Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004) ("The doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding."). During that previous litigation,

3

the Congregation stated that it did not receive a notice to cure in 2010, and that such notice would have afforded them the "ability to cure [their] default *prior to* the acceleration of the entire loan."[1] App'x at 154 (emphasis added). The Congregation cannot now reverse its position and argue that the loan was in fact accelerated in 2010 even though the notice was invalid.[2] *See Rodal*, 369 F.3d at 118.

We have considered the remainder of the Congregation's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Congregation claims that the 2010 notice to cure accelerated the note secured by the mortgage agreement but not the mortgage agreement itself because only the mortgage agreement contained the notice-to-cure clause. But the language of the note makes clear that the notice-to-cure provision in Paragraph 25 of the mortgage agreement applies to both documents. App'x at 45 ("All of the covenants, conditions and provisions of the mortgage and any other agreements securing the mortgage and note are hereby made a part of this note.").

[2] The Congregation may still argue before the referee that the statute of limitations bars SAM from collecting on specific monthly installments that came due more than six years before SAM filed this action. *See Deutsche Bank Nat'l Tr. Co. v. Gordon*, 117 N.Y.S.3d 688, 690–91 (App. Div. 2020) ("With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due.").

4