Taylor, Bean & Whitaker Mtge. Corp. v Daniel (2024 NY Slip Op 01262)

Taylor, Bean & Whitaker Mtge. Corp. v Daniel

2024 NY Slip Op 01262

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 808926/21 Appeal No. 1803 Case No. 2023-03080 

[*1]Taylor, Bean & Whitaker Mortgage Corp., Plaintiff-Respondent,
v
George Daniel Jr., Defendant-Appellant.

Lebedin Kofman LLP, New York (Michael S. Leinoff of counsel), for appellant.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 20, 2022, which granted plaintiff Taylor, Bean & Whitaker Mortgage Corp.'s (Taylor) motion for summary judgment for $92,125.80 due on a second note on the mortgaged property, denied that portion of the motion seeking attorneys' fees and disbursements without prejudice, and denied defendant George Daniel Jr.'s cross-motion for summary judgment dismissing the complaint and for attorneys' fees, unanimously affirmed, without costs.
On June 1, 2007, Daniel obtained an initial promissory note of $176,000 and a mortgage securing certain property in Florida. Daniel also obtained, on the same date, a second promissory note of $33,000 and a mortgage securing the same property. Daniel defaulted on his payment obligations and Taylor commenced a foreclosure proceeding on the initial note in November 2007, which resulted in a foreclosure sale of $100 to itself. No excess funds were recovered from the sale and the property was later resold for $112,500.
In March 2021, Taylor advised Daniel that he was in default on the second note and accelerated the debt. On May 5, 2021, Taylor commenced this action to recover outstanding payments of principal and interest from June 2015 through June 2021, and accelerated payments due from June 2021 until the maturity date of June 2037. Taylor moved for summary judgment seeking $92,125.80 plus attorneys' fees. Daniel cross-moved to dismiss the complaint. The Supreme Court granted the motion and denied the cross-motion.
Daniel contends that this Court should set aside the original foreclosure sale, as the $100 sales price is evidence of misconduct. While, "[i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (U.S. Bank N.A. v Testa, 140 AD3d 855, 856 [2d Dept 2016] [internal quotation marks omitted]), the record does not reflect that Daniel moved to set aside or vacate the judgment of foreclosure and sale. Thus, this fact-based argument is unpreserved (see Verdon v Port Auth. of N.Y. & N.J., 111 AD3d 580, 582 [1st Dept 2013]).
Contrary to defendant's allegations, the action was timely commenced with regard to the second note on the mortgaged property. Since "[a] default on a single payment does not trigger the running of the statute of limitations on the entire debt" (Cannell v Grail Partners, LLC, 180 AD3d 457, 458 [1st Dept 2020]), and "[i]nstallment payments that have accrued more than six years prior to commencement of the action are time-barred" (id.), Taylor was entitled to recover on installment payments that accrued within six years prior to commencement of this action and on the full accelerated debt following the March 2021 acceleration. Daniel's reliance on RPAPL 1352 is unavailing, as that statute applies to strict foreclosure proceedings commenced by purchasers of property at judicial foreclosure sales, intending to [*2]resolve the issue of outstanding clouds on title created by remaining unextinguished rights to redeem the property (see 517-525 W. 45 LLC v Avrahami, 202 AD3d 611, 612-613 [1st Dept 2022]). In this action, Taylor's role is not as a purchaser of the property, but as the lender on the second note.
Equally unavailing is Daniel's contention that to the extent Taylor seeks to recover a deficiency judgment, the action is untimely as it was not commenced within 90 days of the foreclosure sale pursuant to RPAPL 1371(2), as that section does not apply where, as here, the real property is located outside of New York State (see Lombardo v Fielding,225 AD2d 672, 672-673 [2d Dept 1996]). Whether or not a lien is extinguished by a foreclosure sale, the underlying debt is not extinguished (see Central Trust Co. v Dann, 85 NY2d 767, 772 [1995]; Gilbert v Dean, 113 AD2d 235, 237 [3d Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024